**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Ray WARDLOW, Defendant–Appellant.**

No. 88–5366.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 1991.

Decided Dec. 19, 1991.

Denise Meyer, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Steven M. Arkow, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, Chief Judge, GOODWIN and KOZINSKI, Circuit Judges.

PER CURIAM:

Wardlow appeals from his conviction and sentence for conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and possession with intent to distribute cocaine in violation of 21 U.S.C.

§ 841(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm the conviction, but vacate the sentence and remand for resentencing.

Wardlow argues that the district court improperly denied his request for an evidentiary hearing on his motion to suppress evidence. "Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court." *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986). We hold that the district court did not abuse its discretion by denying the request because Wardlow forfeited his right to a hearing by not properly submitting a declaration pursuant to Local Rule 9.2.[1] Wardlow merely submitted a declaration prepared and signed by counsel, containing a broad assertion that the statement of facts in Wardlow's memorandum of points and authorities was based on discovery received by Wardlow's counsel. A broad declaration signed by counsel rather than an individual competent to testify concerning the facts is not sufficient to meet the requirements of rule 9.2.

We also disagree with Wardlow's contention that the district court should be reversed for denying his motion for reconsideration of the denial of the suppression motion. We review this issue only for an abuse of discretion. *United States v. Buffington,* 815 F.2d 1292, 1298 (9th Cir.1987). Wardlow filed the motion for reconsideration the day before trial was scheduled to begin. The district court pointed out that the jury was standing by and that the hearing on the motion to suppress had taken place almost two weeks earlier. In light of this lack of timeliness, the district court did not abuse its discretion by denying the motion. *See United States v. Hamilton,* 469 F.2d 880, 882 (9th Cir.1972).

---

1. Rule 9.2 states:

A motion to suppress shall be supported by a declaration on behalf of the defendant, setting forth all facts then known and upon which it is contended the motion should be granted. The declaration shall contain only such facts as would be admissible in evidence and shall show affirmatively that the [declarant] is competent to testify to the matters stated therein.

Local Rules of Practice for the United States District Court, Central District of California R. 9.2 (1985).

■ Both parties agree that the sentence must be vacated because the district judge did not sentence Wardlow under the Sentencing Guidelines. Therefore, we vacate the sentence and remand for reconsideration in light of the Sentencing Guidelines.

The remaining issues were disposed of in an unpublished disposition.

CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.