5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Bernard THOMAS, Defendant-Appellant.
 No. 92-50480.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1993.
Decided Aug. 20, 1993.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-92-111-SVW; Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: BROWNING, FARRIS and KELLY, Circuit Judges.*
 
 
 1
 MEMORANDUM**
 
 Background
 
 2
 Defendant-appellant Randy Thomas appeals the district court's denial of his motion to suppress certain evidence. Mr. Thomas contends that he was illegally detained, subjected to a non-consensual search of his suitcase and that statements later obtained from him violated his Miranda rights.
 
 
 3
 The evidence presented to the district court established that two Los Angeles Police Narcotics Officers were observing passengers in line at a Greyhound Bus Station. The officers noted that Mr. Thomas continually turned his head and eyes as if searching for onlookers and appeared to be nervous. E.C.R. 16. The officers approached Mr. Thomas after he had surrendered his ticket, passed through a gate and joined a line of other passengers waiting to board the bus. E.C.R. 6-7. The officers told Mr. Thomas he was not under arrest and did not have to answer their questions, Government's E.R. 13; yet, Mr. Thomas did not feel free to leave from the moment he was approached, E.C.R. 23. Mr. Thomas agreed to speak with the officers. The officers examined the bus ticket and baggage claim check offered by Mr. Thomas and, according to their statements, returned those items to him. E.C.R. 8. Mr. Thomas claimed that the officers failed to return the baggage claim check. E.C.R. 3-4. Mr. Thomas was travelling to Memphis, Tennessee with a one-way ticket from Fresno, purchased with cash two weeks prior to the date of departure. E.C.R. 7. He was unsure when he would be returning. The officers asked for identification and Mr. Thomas responded that he had none. E.C.R. 8. During the conversation, Mr. Thomas began to perspire heavily and became more nervous. The officers searched the four pieces of carry-on luggage Mr. Thomas had with him after gaining his consent. No contraband was found.
 
 
 4
 As the officers and Mr. Thomas stepped apart, the officers, according to their testimony, asked if they could search Mr. Thomas' checked bag, to which he responded, "Go ahead, they're brown vinyl." E.C.R. 9, 16. Mr. Thomas denied that he consented to the search. E.C.R. 4. The suitcase was retrieved and found to contain approximately 31 clear plastic bags of what appeared to be crack cocaine. E.C.R. 9. The officers arrested Mr. Thomas and took him to the DEA offices, where he made several incriminating statements.
 
 
 5
 The first motion filed by Mr. Thomas requested that the cocaine found in the luggage be suppressed because the search was not consensual. Subsequent motions sought to have statements made by the Defendant suppressed due to Miranda violations and all other evidence suppressed on the grounds that the initial approach by the officers was an illegal detention. After a hearing, the district court denied Defendant's first motion, finding that "the consent to search both the carry on and the checked luggage was consensual." Government's E.R. 24. At the hearing on the motion related to Defendant's statements, the district court found no violation of Miranda and denied the motion. Government's E.R. 46. The district court refused to conduct another hearing on the issue of illegal detention because the findings previously made with regard to the checked luggage fully disposed of the arguments in the latter motion. Government's E.R. 30-31.
 
 
 6
 Defendant entered a conditional plea of guilty to possession with intent to distribute cocaine base (21 U.S.C. Sec. 841(a)(1)). On appeal, he argues that the district court erred (1) by refusing to hold an evidentiary hearing on his motion to suppress evidence obtained through an illegal stop; (2) by finding that he consented to the search of his luggage; and (3) by finding that the initial contact was a consensual encounter.
 
 Discussion
 I. Consent to Search
 
 7
 The district court, after a hearing, denied Defendant's motion which sought to suppress evidence on the ground that no consent was given for the search of the checked baggage. Although the officers stated that they had asked for and received permission to search the bag, Mr. Thomas denied ever having consented to the search. This presented a factual question before the district court, reviewed under the clearly erroneous standard. United States v. Kaplan, 895 F.2d 618, 622 (9th Cir.1990). Given the testimony of the officers, the district court's decision was not clearly erroneous.
 
 
 8
 Defendant claims that if he did consent, it was not freely and voluntarily given. Again, however, that issue calls for a factual determination by the district court after having heard evidence. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973); United States v. Castillo, 866 F.2d 1071, 1081-82 (9th Cir.1988). We cannot say that the district court's decision was clearly erroneous.
 
 
 9
 Defendant maintains that it is illogical to conclude that someone whose luggage contained contraband would freely consent to a search certain to reveal the contents of the bag. This argument has been rejected by the Supreme Court:
 
 
 10
 We do reject, however, [the] argument that ... no reasonable person would freely consent to a search of luggage that he or she knows contains drugs. This argument cannot prevail because the "reasonable person" test presupposes an innocent person.
 
 
 11
 Florida v. Bostick, 111 S.Ct. 2382, 2388 (1991).
 
 II. Statements Made After Arrest
 
 12
 In the second motion, considered by the court at a separate hearing, Defendant argued that statements made after his arrest should be suppressed as violative of his Miranda rights. Mr. Thomas asserts that he requested counsel after being read his rights and that questioning continued without benefit of counsel. E.C.R. 24. The officers denied that Defendant ever requested an attorney. From the bench, the district court found that:
 
 
 13
 [T]he defendant was given his Miranda warnings by both the local and Federal Agent, that defendant voluntarily waived his Fifth Amendment rights and testified freely and voluntarily [sic] both to the local police and to DEA Agent Rositano and, therefore, the motion is denied.
 
 
 14
 Government's E.R. at 46.
 
 
 15
 On appeal, the district court's finding that a defendant waived his Miranda rights is reviewed under the clearly erroneous standard. United States v. Frank, 956 F.2d 872, 876 (9th Cir.1991), cert. denied, 113 S.Ct. 363 (1992). There is no clear error in this instance. The district court credited the testimony of the officers that Miranda warnings were given and not invoked.
 
 
 16
 Mr. Thomas' emotional state did not vitiate the voluntariness of the waiver. While a suspect must have a "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it," Frank, 956 F.2d at 877 (quoting Moran v. Burbine, 475 U.S. 412, 421 (1985) (quoting Fare v. Michael C., 442 U.S. 707, 725 (1979))), Mr. Thomas' "anxiety" was not shown to have emotionally incapacitated him.
 
 
 17
 III. District Court's Refusal to Conduct Hearing
 
 
 18
 While the district court did conduct evidentiary hearings regarding Defendant's two motions discussed above, it refused to do so on the motion challenging the initial approach. However, that motion was discussed at length during the second hearing involving the Miranda waiver. It was apparent that the evidence at this requested third hearing would have been repetitive and the district court specifically found the officers' testimony to be credible.
 
 
 19
 This matter is reviewed for abuse of discretion. United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir.1991), cert. denied, 113 S.Ct. 469 (1992). Given the findings recited contemporaneously with the court's denial of the hearing request, the district court did not abuse its discretion. There is a "recognized overlap" between consent and seizure issues. United States v. Caballero, 936 F.2d 1292, 1297 (D.C.Cir.1991), cert. denied, 112 S.Ct. 943 (1992). The legality of the search of the bags is encompassed within the overall legality of the presence of the officers when they asked for the consent to search.
 
 
 20
 Mr. Thomas argues that, even if the hearing was not necessary, the court's determination that the officers engaged him in a consensual encounter was clearly erroneous. However, given the testimony discussed above, it was not clear error on the part of the trial court to determine that "a reasonable person would [have felt] free 'to disregard the police and go about his business'...." Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991) (quoting California v. Hodari D., 111 S.Ct. 1547, 1552 (1991)).
 
 
 21
 We recognize the very factors cited by this court in United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1989), cert. denied, 493 U.S. 1025 (1990), wherein the court concluded that the approach was a consensual encounter, in this case as well. Although Mr. Thomas makes much of his subjective feeling that he was not free to go, Bostick makes clear that the test involves a "reasonable person," not the subjective, criminal point of view of a particular defendant. Bostick, 111 S.Ct. at 2387.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3