**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mitchell Allen TERRY, Defendant–
Appellant.**

**No. 92–50262.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1993.

Decided Nov. 18, 1993.

Michael J. McCabe, San Diego, CA, for defendant-appellant.

David P. Curnow, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: NOONAN and LEAVY, Circuit Judges, and FITZGERALD,* District Judge.

LEAVY, Circuit Judge:

Mitchell Terry (Terry) was convicted of possession of 1,000 grams or more of a liquid containing methamphetamine. He appeals, assigning as error the district court's (1) denial of his motion for judgment of acquittal under Fed.R.Crim.P. 29 and (2) denial of his motion to suppress.

## I. *Denial of Motion to Suppress*

The crux of Terry's appeal on the denial of his motion to suppress is his assertion that the district court erred by denying him an evidentiary hearing. " 'Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.' *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986)." *United States v. Wardlow,* 951 F.2d 1115, 1116 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992).

In denying an evidentiary hearing, the district court relied on its General Order (G.O.) 384, which reads:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT
OF CALIFORNIA

In the Matter of Chambers Rule
Regarding Evidentiary Hearings

GENERAL ORDER NO. 384

For the reasons elaborated in the court's Memorandum Decision and Order on Defendant's Motion to Suppress Statements, dated November 15, in *United States v. Moran Garcia,* Crim. No. 91–0845 GT (appended hereto),

IT IS ORDERED that, with respect to all criminal cases the captions of which bear the initials "GT," Rule 415 is supplemented as follows:

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

Rule GT–415. DECLARATIONS IN SUPPORT OF AND IN OPPOSITION TO CRIMINAL MOTIONS.

a) Declarations Required

Where a criminal motion requires a predicate factual finding, the motion shall be supported by a declaration. To contest the facts provided in support of such a motion, the opposition papers shall likewise be supported by a declaration, thereby placing material facts into dispute. The court need not grant an evidentiary hearing where either party fails to properly support its motion or opposition.

b) Contents of Declarations

Each declaration shall set forth, under penalty of perjury, all facts then known and upon which it is contended the motion should be granted or denied. Each declaration shall contain only facts that would be admissible under the Federal Rules of Evidence. Additionally, each declaration shall avoid conclusions of law and argument. Finally, each declaration shall show affirmatively that the declarant is competent to testify to the matters stated therein.

c) Timely Filing of Affidavits and Declarations

Affidavits and declarations submitted in support of and in opposition to criminal motions shall be filed in a timely manner in accordance with the filing deadlines set forth in Local Rules 415–4 and 415–5.

d) Availability of Declarants

Each declarant in support of and in opposition to criminal motions shall be made available for cross-examination at the hearing of the motion, unless the opposing party does not dispute the facts contained in the declaration.

November 15, 1991

Date

/s/ Gordon Thompson, Jr.
GORDON THOMPSON, JR.
United States District Judge

Local Rules 415–4(a) and 415–5 read as follows:

415–4. Time for Filing Moving Papers

(a) The original of all motions, including exhibits attached thereto, on behalf of any defendant, or on behalf of any moving party except the United States, shall be accompanied with two (2) conformed copies, one for the court's use and one for transmittal to the United States attorney by the clerk, and filed with the clerk, and filed with the clerk of court at least 14 days prior to the date for which the motion is noticed unless the court, for good cause and by order only, shortens such time.

Service of a criminal motion upon the United States shall be presumed accomplished by delivering to the clerk's office the additional copy of the moving papers which the clerk shall place in a designated receptacle for pick-up by the United States attorney's office.

415–5. Time for Filing Opposition

Each party opposing the motion shall not later than seven (7) days prior to the hearing, serve upon the adverse party, or his attorney, and file with the clerk either an opposition containing a brief and complete statement of all reasons in opposition to the position taken by the movant, an answering memorandum of points and authorities and copies of all documentary evidence upon which the party in opposition relies; or, a written statement that he will not oppose the motion.

On December 9, 1991, the district court set January 21, 1992, as the hearing date for pre-trial motions. On January 7, 1992, Terry moved to suppress. On January 13, 1992, "upon learning" of G.O. 384, Terry's counsel filed his own declaration in support of the motion. It states that counsel was informed by Terry that he did not consent to the search of the trunk of his vehicle prior to his arrest. On January 21, 1992, the time set for hearing, Terry's counsel acknowledged that the declaration only bore his signature, but stated that Terry stood ready to swear to it. Even though the government's witnesses in opposition were present, the district court denied Terry an evidentiary hearing and denied his motion to suppress.

The district court concluded that Terry was not entitled to an evidentiary hearing

because neither the filing nor the contents of that declaration complied with G.O. 384. In its ruling, the court said:

(A) the declaration violates subsection (c) which requires that declarations be submitted in accordance with the filing deadlines set forth in Local Rules 415–4 and 415–5 (*See* Rules 73.6.d. and 73.6.e. in the newly amended Local Rules); and

(B) the declaration violates subsection (b) which requires that the contents of the declarations contain only admissible facts: specifically in this case, declarations should contain personal knowledge and declarations should not contain conclusions of law.

ER 35.

■ Terry's motion to suppress was filed more than fourteen days prior to the assigned hearing date. Thus, it was timely under L.R. 415–4. The *declaration* of Terry's counsel, however, was not filed in a timely fashion under General Order 384. Terry contends he is not bound by the General Order because he had no actual notice of the order and was unaware of it until after the deadline for filing his affidavit. As discussed below, we agree.

■ Under 28 U.S.C. § 2071, district courts may prescribe rules for conduct of their business. However, they may do so only after providing appropriate public notice and an opportunity to comment. 28 U.S.C. § 2071(b) (1988); Fed.R.Crim.P. 57. *See also* Fed.R.Civ.P. 83. Fed.R.Crim.P. 57 provides for the making of local rules in criminal cases. It provides that newly adopted district rules should be made available to the public. 8C J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 57.02 at 57–5 (1993). This procedure conforms to those employed under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 83. Fed.R.Crim.P. 57 allows district judges or magistrate judges "to regulate their practice in any manner not inconsistent with these rules or those of the district in which they act."

While we do not doubt the district court's power to regulate its practice in criminal cases in a manner consistent with the Federal Rules of Criminal Procedure and Local Rules, we find the notice of G.O. 384 was inadequate. In *Wardlow,* we held that the district court properly denied a request for an evidentiary hearing on a motion to suppress evidence because Wardlow forfeited his right to an evidentiary hearing by not properly submitting a declaration pursuant to a local rule. However, *Wardlow* is distinguishable in that, in this case, the court relied on a General Order of which neither the defendant nor his attorney had notice. We recognize that, in promulgating local rules, a district court has "considerable latitude" in calibrating its public notice method to the individual needs of its jurisdiction. 7 J. Moore & J. Lucas, *supra,* ¶ 83.02 at 83–5. However, G.O. 384, which was used as a basis to deny Terry an evidentiary hearing, is a one-judge order posted on the courthouse bulletin board and published in a local legal newspaper. Terry and his attorney received no actual notice of G.O. 384. Therefore, the district court abused its discretion in denying the motion to suppress without allowing Terry an opportunity to present evidence.

## II. *Sufficiency of the Evidence*

■ Terry was arrested in possession of several jugs of liquid containing methamphetamine. At the conclusion of his trial, Terry moved for a judgment of acquittal on the basis that, since the methamphetamine was suspended in a liquid that was toxic, the government failed to prove the drug was possessed for distribution—*e.g.,* it was not far enough along in the refining process to be distributable. The district court denied Terry's motion, stating that "whether or not the liquid is in ingestible form is not an issue."

There is sufficient evidence to support a conviction if, viewing the evidence presented against the defendant in the light most favorable to the government, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). (Emphasis in original.)

In support of his position, Terry cites *United States v. Sitton,* 968 F.2d 947 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1306, 122 L.Ed.2d 695 (1993). The government distinguishes *Sitton* on the basis

that, in that case, the solution in question was waste whereas, here, the mixture was part of the beginning of the refining process. Terry concedes the mixture was at the beginning of the manufacturing process, but contends his conviction must be reversed because, as in *Sitton,* the liquid was toxic and, thus, not capable of ingestion. Alternatively, Terry contends that since the district court's order pre-dated *Sitton,* this case must be remanded so the district court can evaluate his statement that he was transporting the liquid in an effort to "save" it, as the reaction process had "gone bad," and that, in the event he was unable to retrieve the methamphetamine, the liquid would have been discarded as waste.

Terry's arguments are unpersuasive. In *Sitton,* the defendants argued if they possessed the mixture, "they did so with intent to dispose of it rather than to distribute it." 968 F.2d at 959. Terry concedes the seized liquid was in the beginning stage of *manufacture* and that he was transporting it with the intent to see if he could *retrieve,* not discard, the methamphetamine contained in it. Only if that failed, would Terry have disposed of the liquid. As such, the situation in this case is distinguishable from that in *Sitton.* The district court did not err in denying Terry's motion for judgment of acquittal.

## CONCLUSION

The district court's order denying Terry's motion to suppress is REVERSED and this case REMANDED to the district court for an evidentiary hearing on that motion.