24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Zin CHAN, aka Ah-Sing, Defendant-Appellant.
 No. 93-50481.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1994.*
Decided April 20, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Zin Chan was found guilty of extortion. 18 U.S.C. Sec. 1951. He was then sentenced to 46 months in prison. He appeals his conviction, which he says was supported by insufficient evidence, and his sentence, which he says was under the wrong Guideline section, subjected him to double counting, and deprived him of a reduction for acceptance of responsibility. We affirm.
 
 
 3
 (1) The Conviction.
 
 
 4
 "A defendant is entitled to a judgment of acquittal if the evidence produced against him is insufficient to sustain a conviction." United States v. Talbert, 710 F.2d 528, 530 (9th Cir.1983), cert. denied, 464 U.S. 1052, 104 S.Ct. 733, 79 L.Ed.2d 192 (1984). We affirm "if, viewing the evidence presented against the defendant in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Terry, 11 F.3d 110, 113 (9th Cir.1993) (citation omitted). Chan claims that there was insufficient evidence to show a nexus between his extortion and interstate commerce. He is wrong. All the government needed to show was a minimal connection. Extortionate behavior which depletes the resources of a business engaged in interstate commerce suffices to establish that nexus. See United States v. Zemek, 634 F.2d 1159, 1173 n. 20 (9th Cir.1980), cert. denied, 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981); United States v. Phillips, 577 F.2d 495, 501 (9th Cir.), cert. denied, 439 U.S. 831, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978). That was shown here. Finally, Chan's feeble claim that because his victim purchased goods from foreign countries there was no interference with interstate commerce is almost too feeble to require response. The statute clearly reaches his behavior by covering all commerce from within a state to any point outside of the state and all commerce over which the United States has jurisdiction. See 18 U.S.C. Sec. 1951. It draws upon all of Congress' power. See United States v. Culbert, 435 U.S. 371, 373, 98 S.Ct. 1112, 1113, 55 L.Ed.2d 349 (1978); Stirone v. United States, 361 U.S. 212, 215, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960). In short, this is the very type of case that the statute was designed to cover--a prototypical gangster shakedown of a business engaged in interstate commerce.
 
 
 5
 (2) The Sentencing.
 
 
 6
 Chan first complains that the district court should have sentenced him pursuant to Guideline Sec. 2B3.3 instead of Sec. 2B3.2.[1] He complains in vain. The Guidelines tell the court to refer to Guideline Sec. 2E1.5 for the purpose of selecting the sentence for violations of 18 U.S.C. Sec. 1951. See United States Sentencing Commission, Guidelines Manual, App.A.Guideline Sec. 2E1.5, in turn, directs that either Guideline Sec. 2B3.2 or Sec. 2B3.3 be used. As application note 2 for the former indicates, it is to be used when there is a "threat, express or implied, that reasonably could be interpreted as one to injure a person or physically damage property...." That defines Chan's behavior in this case. Cf. U.S.S.G. Sec. 2B3.3, Comment. (n. 1) ("This section applies only ... where there clearly is no threat of violence to person or property.")
 
 
 7
 Chan then asserts that he was subjected to double counting because, as he argues, his threat to injure a person brought him within the Guideline in the first place, so the Guideline could not assign extra points to him for that very threat. To state his proposition is to refute it. This is not an instance of adding points from one part of the Guidelines, when the conduct has already been fully accounted for in another part. Cf. United States v. Reese, 2F.3d 870, 894-95 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 928, 127 L.Ed.2d 220 (1994). Far from it. All violent extortionists are within this Guideline. It is pellucid that in the universe of those who are brought within its scope--those who threaten an enterprise, those who threaten property, those who threaten people--the perpetrators of personal threats deserve more punishment. That the Commission and the district court provided for an award of extra points to Chan is neither shocking, nor unfair, nor double counting. It is logical.
 
 
 8
 Finally, Chan asserts that he should have been given a two-point reduction for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1(a). But, while at sentencing he may have grudgingly admitted some aspect of his deeds, he never really accepted responsibility. The district court did not err in denying a two-point reduction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references are to the United States Sentencing Guidelines of November 1992, the Guidelines in effect at the time of Chan's sentence