39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Steven A. WILSON Defendant-Appellant.
 No. 94-50006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Oct. 28, 1994.
 
 Before: WALLACE, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 The facts are not in dispute. Steven Wilson obtained a bachelors degree from Southern Illinois University in 1983. While attending the university, he received $20,574.74 in student financial aid, including $13,500 in guaranteed student loans. Upon graduation, Wilson failed to repay these loans and went into default on December 31, 1986. Accordingly, he was ineligible for further financial assistance.
 
 
 3
 Wilson was subsequently accepted by a medical school in Mexico. In 1987, he obtained additional student loans by using his birth name (rather than his adoptive name) and a fictitious social security number. The medical school administrators did not notice the discrepancy between the information Wilson had provided to the school and the information he provided on his loan application. By the time the scheme was discovered, he had obtained $23,000. He pled guilty to one count of obtaining student loan monies by fraud under 20 U.S.C. Sec. 1097.
 
 
 4
 Wilson requested a downward departure for two reasons. First, he argued that his criminal history was over-represented. Second, he asserted that his circumstances constituted a "unique combination of factors" not adequately addressed by the Guidelines.
 
 
 5
 At the beginning of the sentencing hearing, Wilson's counsel handed the district judge some letters provided by Wilson's wife. The attorney apologized for the fact that the letters were late and stated that they contained offers of employment and letters of support for Wilson. The district judge refused to look at them due to time constraints and the lateness of their filing, and she subsequently declined to allow Wilson's wife to address the court. After discussing the merits of both grounds for Wilson's downward departure request with his attorney and listening to Wilson's own statement, the district judge adjusted Wilson's criminal history category down to a IV on the ground that his criminal history was over-represented. She declined, however, to depart further because she found that Wilson's circumstances were not sufficiently unique to justify doing so. Wilson was ultimately sentenced to 15 months in prison, the low end of the relevant Guideline range. His attorney never objected to the district judge's refusal to consider the letters or to allow Wilson's wife to speak.
 
 ANALYSIS
 
 6
 Wilson requests us to review the district court's refusal to allow him to present mitigating evidence in support of his request for a downward departure. According to Wilson, by refusing to consider the letters proffered by his attorney and not allowing his wife to testify at the sentencing hearing, the district judge prevented him from presenting evidence the court was required to consider under 18 U.S.C. Sec. 3553(a)(1) & (2)(D),[1] the Due Process Clause, and the Eighth Amendment.[2] Thus, argues Wilson, the judge's decision not to depart downward based on the totality of the circumstances was not the product of informed discretion.[3]
 
 
 7
 Wilson provides two cases in support of his contention. First, he cites United States v. Medrano, 5 F.3d 1214 (9th Cir.1993), in which we held that a district court erred in refusing to allow the defendant his right of allocation. We found that, even though it was extremely unlikely that the defendant could have said something that would have changed the district court's decision, it was "not convinced that ... the district court 'used all the discretion it had available.' " Medrano, 5 F.3d at 1219 (quoting United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992)).
 
 
 8
 Second, Wilson cites United States v. Tucker, 404 U.S. 443 (1972), in which the Supreme Court reversed a sentence because it was not product of "informed discretion." Because in sentencing the defendant the district judge considered two prior convictions later found to be unconstitutional, the Supreme Court held that the "sentence was founded at least in part upon misinformation of constitutional magnitude." Tucker, 404 U.S. at 447.
 
 
 9
 * * *
 
 
 10
 The district judge did not abuse her discretion in refusing to consider the letters Wilson wished to submit at the time of the Sentencing Hearing because his attorney failed to meet the filing deadline of General Order 350 for the Central District of California. General Order 350 clearly states that letters submitted after the filing deadline "will not be considered by the court." Accordingly, the district judge was not required to read the letters submitted to her at the beginning of the sentencing hearing.[4]
 
 
 11
 Wilson next suggests that the judge erred in refusing to allow his wife to testify as to the contents of the letters. Wilson provides no direct support, nor does any appear to exist, for his contention that his wife should have been allowed to testify.
 
 
 12
 Wilson provides no authority compelling the district judge to consider either the letters he submitted after the filing deadline or his wife's testimony at the time of the sentencing hearing. The two cases he cites provide little support for his appeal. Unlike in Medrano, the district court was not required to allow Wilson's wife an opportunity to speak at the Sentencing Hearing. Cf. Fed.R.Crim.Pro. 32(a)(1)(C). Here, unlike in Tucker, the district judge did not rely on "misinformation."
 
 
 13
 We note that, prior to the sentencing hearing, Wilson's attorney had had an opportunity to discuss the justifications for a downward departure in the sentencing memorandum he submitted to the court. Moreover, at the hearing counsel was afforded an opportunity to discuss the contents of the letters and the justifications for a departure. In addition, Wilson himself was able to explain at that hearing why his circumstances were unusual.
 
 
 14
 We conclude that the district judge did not abuse her discretion in refusing to allow Wilson's wife to testify at the sentencing hearing or in refusing to consider the belatedly submitted letters. Accordingly, the judgment is
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3553 provides in relevant part:
 (a) Factors to be considered in imposing a sentence--The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed--
 ....
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner....
 
 
 [2]
 We note that Wilson has not claimed on appeal that the evidence that the district judge failed to consider concerned a factual inaccuracy in the presentence report
 
 
 [3]
 Wilson cites United States v. Cook, 938 F.2d 149, 153 (9th Cir.1991), in support of this contention
 
 
 [4]
 Wilson has not asserted that General Order 350 was improperly adopted, as required by United States v. Terry, 11 F.3d 110 (9th Cir.1993), nor does he claim that General Order 350 conflcits with the Federal Rules of Criminal Procedure or the Sentencing Guidelines. See Fed.R.Crim.P. 57 (permitting district courts to establish local rules that are "not inconsistent with these rules")