45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dean ASHWORTH, Petitioner-Appellant,
v.
Eddie R. MYERS, Respondent-Appellee.
 No. 93-17275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dean Ashworth, a California state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We review de novo a district court's denial of habeas relief. Hendricks v. Zenon, 993 F.2d 664 (9th Cir.1993). We review the district court's findings of fact for clear error, and presume state court factual findings correct pursuant to 28 U.S.C. Sec. 2254(d). Id. We affirm.
 
 
 3
 Ashworth was convicted, following a jury trial, of manufacture of methamphetamine and possession of precursor chemicals. The jury found him guilty of possession of a weapon and volume enhancements. Ashworth contends that his conviction for the volume and weapon enhancements violated his right to due process because (1) the trial court improperly excluded hearsay testimony relevant to whether Ashworth knowingly possessed the firearm found on the premises; (2) law enforcement agents destroyed the physical evidence of the volume of liquid containing methamphetamine; (3) the trial court's jury instructions concerning the volume enhancement were misleading; and (4) insufficient evidence supports the volume enhancement. Ashworth also contends he received ineffective assistance of trial and appellate counsel, and that the district court improperly denied his petition without holding an evidentiary hearing.
 
 
 4
 A. Exclusion of Testimony Concerning the Firearm
 
 
 5
 Ashworth contends the trial court improperly refused to allow him to answer certain questions about the gun that was found in the methamphetamine laboratory where he was arrested. "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (re-emphasizing that federal habeas relief does not lie for errors of state law). In evaluating whether exclusion of evidence rendered a trial fundamentally unfair, we consider the probative value of the excluded evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the defense. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 6
 Here, the trial court's exclusion of hearsay statements about the gun did not violate fundamental fairness. See Bueno, 988 F.2d at 87; Tinsley, 895 F.2d at 530-31. During direct examination of Ashworth, the trial court sustained a hearsay objection when counsel asked Ashworth whether his codefendant had ever told him whether he used a gun for protection. Ashworth did testify, however, that he had never seen the gun. Thus, the trial court's exclusion of hearsay did not prevent Ashworth from presenting other, more probative evidence to establish that he had no knowledge of the gun. Accordingly, no constitutional violation resulted from the trial court's exclusion of a hearsay statement. See Tinsley, 895 F.2d at 530.
 
 B. Destruction of Evidence
 
 7
 Ashworth contends the trial court erroneously admitted evidence regarding the volume enhancement because federal law enforcement agents failed to preserve evidence of the amount of the substance containing methamphetamine that was found, as required by Cal.Health & Safety Code Sec. 11479.5. Specifically, Ashworth seeks to challenge testimony by Diane McGrath, a chemist for the Drug Enforcement Agency who helped disassemble the methamphetamine laboratory.
 
 
 8
 To the extent Ashworth argues that the admission of testimony concerning the volume enhancement violated state law, this claim is not cognizable on federal habeas review. See McGuire, 112 S.Ct. at 480; Jeffries v. Blodgett, 5 F.3d 1180, 1193 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). Moreover, admission of the challenged evidence did not violate Ashworth's federal constitutional right to fundamentally fair trial. See Jeffries, 5 F.3d at 1192.
 
 
 9
 "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Here, the record shows that the federal drug agents destroyed the liquid containing methamphetamine because it was hazardous. Further, on direct appeal, the California Court of Appeal found substantial compliance with the state statute requiring preservation of evidence. We defer to the state court's interpretation of state law and presume correct its factual finding. See Bueno, 988 F.2d at 88. Nothing in the record supports Ashworth's assertion that evidence was destroyed in bad faith. We conclude the trial court's admission of testimony concerning the volume enhancement did not violate fundamental fairness. See Youngblood, 488 U.S. at 58; Jeffries at 1192-93.
 
 
 10
 C. Sufficient Evidence To Support Volume Enhancement
 
 
 11
 Ashworth contends the trial court improperly imposed a three-year volume enhancement pursuant to Cal.Health & Safety Code Sec. 11379.8(a)(1) because the evidence was insufficient to prove that the amount of the substance containing methamphetamine was greater than three gallons. Evidence is sufficient to support a conviction "if, viewing the evidence presented in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Terry, 11 F.3d 110, 113 (9th Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Cal.Health & Safety Code Sec. 11379.8(a)(1) provides for a three-year additional term for manufacture of methamphetamine where the amount of the substance containing methamphetamine "exceeds three gallons by liquid volume." People v. Burgio, 16 Cal.App.4th 769, 773-74 (Cal.App.1993).
 
 
 12
 At Ashworth's trial, McGrath testified that she remained in the methamphetamine lab for the entire night after the arrests. She estimated that the 22-liter flask containing methamphetamine was approximately three-quarters full, containing approximately 4.4 gallons. California Bureau of Narcotics Enforcement Agent David Dresson, who was also present in the lab, also testified that the flask was about three-quarters full. Ashworth did not dispute that the liquid in the flask contained methamphetamine. On the basis of this evidence, a reasonable jury could have found that the flask contained three gallons or more of a substance containing methamphetamine. See Jeffries, 5 F.3d at 1193-94; Terry, 11 F.3d at 113-14.
 
 D. Jury Instruction
 
 13
 Ashworth contends the trial court's jury instruction on the volume enhancement was ambiguous. The trial court instructed the jury to determine whether Ashworth "manufactured a substance containing methamphetamine which exceeded three gallons by liquid volume." Ashworth argues that this portion of the instruction is ambiguous because "[i]t did not tell [the jury] whether the three gallons related to the ... term 'methamphetamine' or to the word 'substance."
 
 
 14
 "When a habeas petitioner asserts a due process violation on the basis of jury instructions, our review is limited to determining whether an allegedly defective instruction so infected the entire trial that the resulting conviction violates due process." Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir.), cert. denied, 114 S.Ct. 643 (1993). The petitioner bears the burden of demonstrating that there was a reasonable likelihood that the jury applied the challenged instruction in an unconstitutional manner. Id.
 
 
 15
 Here, we fail to see how the alleged ambiguity in the instruction could have been prejudicial to Ashworth. The trial court properly instructed the jury that the state had the burden of proving that the amount of the substance containing methamphetamine exceeded three gallons by liquid volume. See Burgio, 16 Cal.App.4th at 775-76 ("substance" for purposes of the volume enhancement means "substance containing a controlled substance"). Viewing the instructions as a whole, we see no reason to believe that the jury applied the challenged instruction in an unconstitutional manner. See Masoner, 996 F.2d at 1008. Thus, Ashworth has failed to demonstrate any constitutional error resulting from the instruction. See id.
 
 E. Ineffective Assistance of Trial Counsel
 
 16
 Ashworth contends he received ineffective assistance of trial counsel because his trial counsel failed to investigate and prepare the case, to call Rick Lovitt as a witness, to litigate Fourth Amendment issues and the destruction of evidence issue, and to examine Ashworth competently about his knowledge of the gun. These claims lack merit.
 
 
 17
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To demonstrate prejudice, a defendant must show that there is "a reasonable probability that but for counsel's errors, the result of the trial would have been different," id. at 694, and also that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair, Lockhart v. Fretwell, 113 S.Ct. 838, 841-43 (1993).
 
 
 18
 We need not consider whether counsel's conduct was deficient because Ashworth has not shown prejudice. See Strickland, 466 U.S. at 697. Ashworth has not demonstrated what the substance of Lovitt's testimony would have been or how it might have led to a different outcome. His other allegations are also conclusory and fail to demonstrate a reasonable probability that the result would have been different. Accordingly, the district court properly denied the claim of ineffective assistance without an evidentiary hearing. See Campbell v. Blodgett, 18 F.3d 662, 679 (9th Cir.) (evidentiary hearing not required on allegations that are wholly conclusory or that can be resolved by reference to state court record), cert. denied, 114 S.Ct. 2125 (1994); see also Fretwell, 113 S.Ct. at 843; Strickland, 466 U.S. at 694.
 
 
 19
 F. Ineffective Assistance of Appellate Counsel
 
 
 20
 Ashworth contends he received ineffective assistance of appellate counsel, among other reasons, because his counsel had a conflict of interest. This claim also lacks merit. The record shows that Sixth District Appellate Project lawyers initially represented both Ashworth and his codefendant but that the Project was relieved as counsel of record for Ashworth's codefendant. Ashworth and his codefendant were represented by different counsel. Ashworth has made no showing that his counsel actually represented conflicting interests. Thus, the district court properly rejected this claim without an evidentiary hearing. See Morris v. State of California, 966 F.2d 448, 455 (9th Cir.1991), cert. denied, 113 S.Ct. 96 (1992). Ashworth's other arguments concerning ineffective assistance of appellate counsel are equally without merit and do not warrant further discussion.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3