**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marco Antonio RAMIREZ,
Defendant—Appellant.**

No. 00–50548.
D.C. No. CR–98–00624–A–JSL–02.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2003.*

Decided March 10, 2003.

Before PREGERSON, THOMAS and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Mario Antonio Ramirez appeals the district court's entry of judgment of conviction, pursuant to his conditional guilty plea, for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841 and

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. We affirm. Because the parties are familiar with the factual and procedural histories of this case, we need not recount them here.

## I

■ The district court did not abuse its discretion in denying Ramirez's request for an evidentiary hearing on his motion to suppress. Evidentiary hearings on motions to suppress need be held only when the "moving papers allege[ ] facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude [either] that relief must be granted if the facts alleged are proved[,]" *United States v. Carrion,* 463 F.2d 704, 706 (9th Cir. 1972) (citation omitted), or "that contested issues of fact exist." *United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000) (citations omitted), *cert. denied,* 534 U.S. 831, 122 S.Ct. 76, 151 L.Ed.2d 40 (2001). Absent sufficiently definite and specific moving papers, a district court's decision to conduct or not to conduct an evidentiary hearing on a motion to suppress need only rest within the district court's "reasoned discretion." *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986), *citing, United States v. Santora,* 600 F.2d 1317, 1320 (9th Cir.1979); *see also United States v. Wardlow,* 951 F.2d 1115, 1116 (9th Cir.1991), *cert. denied,* 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992).

The declaration filed concomitantly with the suppression motion fails to "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist," *Howell,* 231 F.3d at 620 (citation omitted), or that "relief must be granted if the facts alleged are proved." *Carrion,* 463 F.2d at 706 (citation omitted). The relevant questions in this case include whether Ramirez was speeding on December 5,

1997, and whether probable cause supported both stop and search. *Cf. Walczak,* 783 F.2d at 857. Bakman's declaration is, with regard to these questions, inapposite; it does nothing to show that Ramirez was not—or may not have been—driving unlawfully fast on the day at issue, and it does nothing to controvert the district court's finding of drug-based probable cause. Thus, we conclude that the district court did not abuse its discretion in denying an evidentiary hearing on the issue.

## II

The district court also did not err in denying the suppression motion. It is axiomatic that "[p]robable cause exists when police officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect has committed or was committing a crime." *United States v. Wallace,* 213 F.3d 1216, 1220 (9th Cir.), *cert. denied,* 531 U.S. 974, 121 S.Ct. 418, 148 L.Ed.2d 323 (2000), *citing, United States v. Fouche,* 776 F.2d 1398, 1403 (9th Cir.1985) (internal quotation marks omitted). A "fluid" rather than an abstract or a static concept, a probable cause determination depends entirely on an "assessment of the probabilities in particular factual contexts." *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

When determining whether sufficient knowledge undergirds particular law enforcement conduct, this court has "look[ed] to the collective knowledge of all the officers involved in the criminal investigation," not simply the discrete knowledge of the "officer who actually makes the stop." *United States v. Sutton,* 794 F.2d 1415, 1426 (9th Cir.1986); *see also United States v. Michael R.,* 90 F.3d 340, 346 (9th Cir. 1996) (noting that the term "trained officer's experience" includes the "collective knowledge of the officers involved ...")

(citation omitted). Permissible deductions and rational inferences drawn from officers' experience, training, and expertise form a part of this "collective knowledge," as long as rooted in "objective facts" and as long as amenable to "rational explanation." *Michael R.*, 90 F.3d at 346.

■ The collective knowledge of "all the officers involved in the [relevant] criminal investigation" supports the district court's probable cause decision here: Before ordering the stop of Ramirez' vehicle, members of the joint task force intercepted a series of evidently drug-sale-related phone calls; they witnessed Ramirez' arrival and departure and noted that these events coincided precisely with the placement of relevant phone calls; they observed Ramirez depart in the direction indicated by his putative boss; and they drew a rational inference from these "objective facts" that Ramirez was involved in the delivery of cocaine. *Cf. Michael R.*, 90 F.3d at 346; *Sutton*, 794 F.2d at 1426 (listing seven "facts" supportive of the "founded suspicion" that a given defendant was involved in criminal activity). From this factual and inferential predicate, it is clear that, "at the moment of [Ramirez'] arrest," the collective knowledge of all of the law enforcement officers involved was adequate for a prudent person to believe that Ramirez had, was then, or would soon commit a drug-related offense.

## III

■ The Supreme Court has posited a two-part test for determining whether the so-called "automobile exception" to the general requirement of "securing a warrant" for a search is satisfied: one, the car must be "readily mobile"; and, two, "probable cause [must] exist[ ] to believe [the car] contain[s] contraband." *See Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more.") (citation omitted). Officer Hetherington's cursory search of Ramirez' truck, Detective Agnew's more invasive search of that truck, and Officers Geiger and Hill's pre-impound search of the truck all satisfy this two prong test.

First, and most basically, all of the searches of Ramirez' vehicle were conducted while the truck remained "readily mobile": both Hetherington's and Agnew's searches occurred as the truck sat roadside, available to be moved, and Geiger and Hill's search fits within the definition of "readily mobile" developed by the Supreme Court and this court. *See especially Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982) ("It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized.") (citations omitted); *United States v. Garcia*, 205 F.3d 1182, 1187 (9th Cir. 2000) (finding that a vehicle remained "mobile" and, thus, continued to fit the "automobile exception" even after it was towed).

Second, the same facts—e.g., the timing and content of the phone calls, the appearance and departure of "Gordo"—informing probable cause for the stop support a finding of sufficient probable cause "to believe [Ramirez' vehicle] contain[ed] contraband." *Labron*, 518 U.S. at 940; *cf. United States v. Patzer*, 277 F.3d 1080, 1083 (9th Cir.2002) (declaring a supposedly incidental search invalid where the arresting officer "did not have probable cause to arrest [defendant] for driving under the influence of marijuana"). Thus, all three searches were permissible, both in timing and in intrusiveness, under the "automobile ex-

ception" to the bar against warrantless searches.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.