**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos BARAJAS–ROMO,**
**Defendant–Appellant.**

**No. 06–50398.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed Aug. 7, 2007.

---

827

Mark R. Rehe, Esq., Matthew Gardner, Joseph S. Green, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Matthew C. Shaftel, Esq., Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: KOZINSKI, KLEINFELD, and TALLMAN, Circuit Judges.

MEMORANDUM *

Carlos Barajas–Romo appeals his illegal reentry conviction and 70–month sentence under 8 U.S.C. § 1326. We affirm.

■ Even if we accept Barajas–Romo's claim that the 2004 removal hearing deprived him of his due process rights, this claim fails because he has not shown prejudice resulting from the due process violation. *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004) (citing *United States v. Zarate–Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998)). To establish prejudice, Barajas–Romo must show that his withholding of removal claim was plausible. *See id.* at 1050. Barajas–Romo's statements at the 2004 proceedings indicate that he did not fear that his life or freedom would be threatened in Mexico. Moreover, there is no reason to believe that his father's alleged killers were still interested in Barajas–Romo in 2004, or that they could even identify him. *See Lanza v. Ashcroft,* 389 F.3d 917, 934–35 (9th Cir.2004). Consequently, he did not have a plausible withholding of removal claim and any due process violation did not result in prejudice.

■ The district court did not abuse its discretion when it denied Barajas–Romo's request for an evidentiary hearing. *See United States v. Wardlow,* 951 F.2d 1115, 1116 (9th Cir.1991) (per curiam). There were no contested issues of fact properly

by 9th Cir. R. 36–3.

828

joined that necessitated having an evidentiary hearing to resolve the motion to suppress. Barajas–Romo failed to file a declaration to support the factual contentions in his motion as required by the Southern District of California's Local Rule 47.1(g)(1), (3). Additionally, the record does not support Barajas–Romo's claim that a stop occurred immediately after the agent made contact with him. The full record indicates that, at this point, the encounter was consensual.

██ Barajas–Romo contends that the failure to allege the date of his prior removal in the indictment violated his Sixth Amendment rights. Because the jury heard evidence only of the 2005 reinstatement proceeding, it necessarily found a date of removal subsequent to Barajas–Romo's 2002 aggravated felony conviction. *See United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1094 (9th Cir.2007). Therefore, even assuming that the indictment was insufficient, *cf. United States v. Covian–Sandoval,* 462 F.3d 1090, 1097–98 (9th Cir.2006), any error was harmless beyond a reasonable doubt.[1]

Barajas–Romo's other challenges to his sentence fail because, as Barajas–Romo concedes in his brief, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains good law. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir. 2001).

**AFFIRMED.**

---

1. Although Barajas–Romo argues that we should review for structural error, challenges to an indictment raised at the time of sentencing are reviewed for harmless error. *See United States v. Jordan,* 291 F.3d 1091, 1095 (9th Cir.2002).

