21-2827-cv
*Evergreen East Cooperative v. Whole Foods, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

Present:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> EUNICE C. LEE,
> *Circuit Judges.*

---

EVERGREEN EAST COOPERATIVE,

> *Plaintiff-Appellant,*

v.                                                          21-2827-cv

WHOLE FOODS MARKET, INC.,

> *Defendant-Appellee,*

THE HOME DEPOT, INC., BOTTOMLEY EVERGREENS & FARMS, INC.,

> *Defendants.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | Ross M. Babbitt, Ross M. Babbitt Co., LPA, Cleveland, OH. |
| For Defendant-Appellee: | Mitchell B. Levine, Fishman McIntyre Levine Samansky P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 22, 2021 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Evergreen East Cooperative ("Evergreen") appeals from an order dismissing its false advertising claims against Defendant-Appellee Whole Foods Market, Inc. ("Whole Foods") pursuant to Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal, which we address only as necessary to explain our decision to affirm.

In the operative First Amended Complaint ("FAC"), Evergreen sued Defendants Bottomley Evergreens & Farms, Inc. ("Bottomley"), The Home Depot, Inc. ("Home Depot"), and Whole Foods for false advertising in the sale of Christmas trees in violation of § 43 of the Lanham Act, 17 U.S.C. § 1125, and New York General Business Law ("GBL") § 349. As against Bottomley and Home Depot, Evergreen pleaded specific facts based on personal knowledge, *i.e.*, that it purchased two "Balsam Fir trees . . . advertised and labeled as Fraser Fir" trees, App'x 38, from "a New York City Home Depot store on December 11, 2019," and that the receipts for these purchases "clearly indicate[d] that" the trees were "identified by Home Depot as . . . Bottomley Fraser Fir[s]," *id.* Indeed, Evergreen attached as Exhibit A to the FAC images of both Bottomley and Home Depot labels identifying the trees in question as Fraser firs, even though the trees were allegedly less-desirable balsam firs.

With respect to Whole Foods, however, Evergreen relied almost entirely on information and belief. Thus, Evergreen alleged, "[o]n information and belief, labels identical or substantially identical to Exhibit A were affixed to the Counterfeit Trees [balsam firs] sold by Defendants Home

2

Depot and Whole Foods in 2019." *Id.* at 38. It also alleged, "[o]n information and belief, Whole Foods sold Fraser Fir and Balsam Fir trees intermixed with each other with signage that indicated all of the trees offered for sale were Fraser Fir[s]." *Id.* at 39. Elsewhere, Evergreen alleged that "Whole Foods . . . sells . . . Bottomley Christmas trees to consumers throughout the New York City and surrounding regions," *id.* at 36, and that, "[o]n information and belief, Whole Foods deliberately or negligently . . . s[old] [mislabeled trees] in 2019," *id.* at 38.

On March 26, 2021, the district court granted Whole Foods' motion to dismiss the FAC, correctly stating that, "while a plaintiff may make allegations on information and belief, those allegations will be sufficient to support a claim for relief only when the factual matter pled supports a plausible inference of culpability." App'x 95–96 (citing *Arista Records*, *LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Applying that standard, the district court observed that "Evergreen does not identify any false labels on trees sold at Whole Foods" and "makes nearly all its allegations on Whole Foods on information and belief, and those allegations appear to rest on nothing more than the business relationship between Whole Foods and Bottomley. Moreover, Evergreen alleges that Bottomley grows at least some Fraser firs, and so the fact that Whole Foods sells Bottomley trees does not support a plausible inference that it necessarily sold mislabeled balsam firs." *Id.* at 96.

"We review a district court's grant of a motion to dismiss *de novo*, 'accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013)). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausibly alleged 'when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Nat'l Rifle Ass'n of Am. v. Vullo*, 49 F.4th 700, 713 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff may satisfy the plausibility standard by pleading facts upon information and belief, but a plaintiff "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 384–85 (2d Cir. 2018) (quoting *Arista Records*, 604 F.3d at 120).

Evergreen's allegations against Whole Foods, made almost entirely "on information and belief," are neither based on facts "peculiarly within the possession and control of" Whole Foods nor "based on factual information that makes" them plausible. *Id.* (internal quotation marks omitted) The key facts here—how Whole Foods labeled Christmas trees it sold to the general public—are not peculiarly within Whole Foods' possession or control, as Evergreen could have gone to a Whole Foods store and examined one or more of the Christmas trees offered for sale. Indeed, Evergreen apparently did just that with respect to Bottomley and Home Depot, as demonstrated by Evergreen's having included with its pleadings labels and receipts for allegedly mislabeled trees sold by Bottomley and Home Depot. It is thus not the case that Evergreen's claims against Whole Foods turned on facts unavailable to it prior to discovery. *See Citizens United*, 882 F.3d at 384–85 (rejecting as conclusory allegations made on "information and belief" about past public disclosures made by New York's Attorney General because "[t]here is no reason Appellants could not find at least one inadvertent publication without any help from subpoenas, depositions, or interrogatories. They are, after all, alleging *public* disclosures . . . . ").

4

As for Evergreen's other allegations, the only fact supporting the pleading that Whole Foods sold mislabeled Christmas trees is that Whole Foods sourced some of the Christmas trees it sold from Bottomley. But this does not admit a plausible inference that Whole Foods sold any trees bearing a false label because the FAC alleges that Bottomley sold both Fraser firs and balsam firs. *See Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 18 (2d Cir. 2014) ("[T]he 'factual allegations describe only actions that are consistent with lawful conduct,' and accordingly 'the conclusory allegation on information and belief that the observed conduct was the product of culpable conduct is insufficient to make the claim plausible.'" (alteration marks omitted) (quoting *Arista Records*, 604 F.3d at 120)).

Insofar as Evergreen also faults the district court for failing to accompany its dismissal order with a *sua sponte* grant of leave to amend, the argument is defeated by precedent. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) ("We have described the contention that 'the District Court abused its discretion in not permitting an amendment that was never requested' as 'frivolous.'" (quoting *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004)). For the first time in its reply brief, Evergreen says that it never had an opportunity to move for leave to amend. It offers no explanation to support the assertion, and the record makes it implausible. There was a seven-month interval between the district court's ruling on the motions to dismiss and Evergreen's acceptance of an offer of judgment. We see no reason why Evergreen could not have sought to amend its pleadings during this period.

We have considered Evergreen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5