UNITED STATES of America,
Plaintiff-Appellee,

v.

Larue Monette WILSON,
Defendant-Appellant.

No. 82–1669.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 18, 1983.

Decided Nov. 1, 1983.

Certiorari Denied Feb. 21, 1984.
See 104 S.Ct. 1304.

Malcom Logan, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Paul H. Alvarado, San Francisco, Cal., for defendant-appellant.

Before CANBY, BOOCHEVER and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Appellant Larue Wilson's appeal from her conviction on three counts of failure to file a tax return in violation of 26 U.S.C. § 7203 requires us to interpret the Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., which provides that a trial shall commence

within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

Wilson was arrested in Anchorage, Alaska, following the filing of an information in the Central District of California charging

her with failure to file tax returns.[1] After she made an initial appearance in district court in Anchorage on June 4, 1982, the case was ordered removed to the Central District of California. She first appeared in the Central District of California on July 6, 1982, and moved to change venue to Alaska on July 9. Her motion was granted on July 14, the papers in the case were transferred to the district court in Alaska by July 26, and she was tried and convicted there on September 22.

Wilson makes two different Speedy Trial Act arguments. She first contends that the Speedy Trial Act's 70-day time limit for commencing trial began running when she appeared in district court in Anchorage to confront the charges against her on June 4, 1982. By her calculation, therefore, the trial should have been scheduled no later than August 12, 1982. The government argues in response that the 70-day limit did not begin to run until July 6, 1982, when she made her first appearance in the Central District of California where the information was filed. The question whether the defendant's appearance in any court of the United States activates the Speedy Trial Act's time limit appears to be one of first impression.[2]

Wilson's position that the 70-day time limit began running from the date of her initial appearance in Alaska, even though the information was filed in the Central District of California, is difficult to square with the language of Section 3161(c)(1), which explicitly refers to a defendant's first appearance before "a judicial officer of the court in which such charge is pending." We agree with the government that this statutory language is correctly explained in the guidelines to the interpretation of the Speedy Trial Act which have been issued by the Judicial Conference of the United States.[3] The guidelines interpret Section 3161(c)(1) of the Act to mean that the 70-day time limit does not begin to run "prior to the defendant's initial appearance before a judicial officer *in the charging district*" (emphasis added).[4] Accordingly, we hold that the 70-day time period did not begin running until Wilson first appeared before a judicial officer of the charging district, the Central District of California, on July 6, 1982.

Because Wilson's trial did not commence in Anchorage until September 22, 1982, which was 80 days after July 6, however, we must also decide whether the time consumed in granting Wilson's motion for a change of venue to Anchorage and in transferring her case papers there resulted in an excludable delay of at least ten days. Wilson concedes that the 5-day period between the date she filed her motion to the date that it was granted by the district court must be added to the 70-day period under § 3161(h)(1)(G). (Opening Brief for Appellant at 16)[5] She challenges, however, the district court's exclusion of the 12-day period from the date the motion was granted to the date the transferee district (Alaska) received her case papers, arguing that Section 3161(h) does not provide for the exclusion of the time during which papers are flown between districts.

We again disagree with Wilson because the Speedy Trial Act, as she concedes, explicitly provides for the exclusion of any

---

1. The information against Wilson was filed on April 29, 1982. This filing date is irrelevant for Speedy Trial Act purposes, since all of Wilson's appearances in court occurred after that time.

2. We apply a *de novo* standard of review to this question since it involves the construction of the statute, a question of law. *See Turner v. Prod,* 707 F.2d 1109, Ninth Circuit, Amended Opinion, August 11, 1983.

3. *See* Judicial Conference of the United States, Committee on the Administration of the Criminal Law, Guidelines to the Administration of the Speedy Trial Act of 1974, as amended (December 1979 revision with August 1981 amendments).

4. Guidelines at 35.

5. She also seems to concede that another two days must be added because she filed an ex parte motion for transportation expenses. (Opening Brief for Appellant at 16) Because of our disposition of this case, we do not rely on this apparent concession to bring Wilson's trial within Speedy Trial Act time limitations.

period of delay "resulting from any proceeding relating to the transfer of a case." 18 U.S.C. § 3161(h)(1)(G). We think it fair to read this language to exclude the time required to send the case papers from the Central District of California to the District of Alaska after Wilson's motion for change of venue had been granted. In this interpretation of the statute, we once again follow the guidelines of the Judicial Conference, which provide: "If the motion for change of venue is granted, the time from the grant of the motion until the date the transferee district receives the case papers is also excludable...." Judicial Conference of the United States Committee on the Administration of the Criminal Law, Guidelines to the Administration of the Speedy Trial Act, as amended, at 39–40 (December 1979 revision, with August 1981 amendments).

In conclusion, we hold that Wilson's trial was commenced within the 70-day time limit of the Speedy Trial Act. Twelve days resulting from the delay caused by the granting of Wilson's motion for change of venue are added to the 70-day period that began running when she made her first appearance in the Central District of California on July 6, 1982.

Wilson's other arguments on appeal—that she was denied effective assistance of counsel, that the evidence is insufficient to support her conviction, and that the trial court lacked jurisdiction over her case—are rejected as clearly lacking in merit.

The judgment of conviction is

AFFIRMED.