**UNITED STATES of America**

**v.**

**Gilbert HERNANDEZ.**

**Crim. A. No. 87–67–01.**

United States District Court,
D. Vermont.

Jan. 6, 1988.

Thomas Anderson, Asst. U.S. Atty., Burlington, Vt., for U.S. Government.

Mark Kaplan, Jarvis and Kaplan, Burlington, Vt., and Oscar Goodman, Goodman, Stein & Quintana, Las Vegas, Nev., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

By motion dated October 13, 1987, defendant seeks dismissal of his indictment claiming the government violated the Speedy Trial Act, 18 U.S.C. § 3161(b). This Court held a hearing on this, and other motions, on December 21, 1987. For the reasons set forth below, defendant's motion to dismiss the indictment is GRANTED.

## BACKGROUND

On July 24, 1987, defendant was arrested in Nevada pursuant to a warrant duly issued by a federal judge in Vermont. De-

fendant contested his removal to Vermont. On July 28, 1987, Federal Magistrate Philip Pro in Las Vegas, ordered the removal of defendant. The defendant was not incarcerated, but was ordered to appear in Vermont on August 14, 1987, for his initial appearance. The initial appearance took place on August 13, 1987, before Magistrate Jerome Niedermeier. On September 10, 1987, (48 days after the arrest, 44 days after the removal order, and 28 days after the initial appearance) the government filed an indictment charging the defendant with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a), and two counts of using a communication facility (the telephone) to facilitate the commission of a felony, in violation of 21 U.S.C. § 843(b).

The defendant seeks dismissal of the indictment asserting that the Speedy Trial Act mandated the return of the indictment within thirty days of defendant's arrest. The defendant contends that no tolling provision in the Act applies here to extend the thirty-day period. The government counters that pursuant to 18 U.S.C. § 3161(h)(1)(G), the period between defendant's arrest and initial appearance should be excluded. The government theorizes that the speedy trial "clock" did not run until defendant's initial appearance in Vermont, pursuant to the removal order.

## DISCUSSION

■ The thirty-day post-arrest period for returning indictments is provided for in 18 U.S.C. § 3161(b):

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

Subsection (h) of Section 3161 provides for extensions of the thirty-day period. Specifically, Section 3161(h)(1)(G) excludes:

delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure....

Under the present facts, the only period of "delay resulting from any *proceeding* relating to the ... removal of [the] defendant" (emphasis added) was the four-day period between the arrest and the removal order. The speedy trial clock did not run during those four days. Once the magistrate issued the removal order, however, the removal "proceedings" ended, and the speedy trial clock began to run. To comply with the thirty-day mandate, the government should have filed an indictment on or before August 27, 1987, thirty days after the removal order. The government's failure to file the indictment until September 10, 1987, violated the Speedy Trial Act. There is no basis for the government's contention that the speedy trial clock does not run until defendant's initial appearance.

None of the cases cited by the government suggest a contrary result. The cases cited involve either an exclusion of time resulting from a motion initiated by the defendant, or an exclusion during the pendency of removal or transfer proceedings. *See United States v. Glasser*, 773 F.2d 1553 (11th Cir.1985); *United States v. Wilson*, 720 F.2d 608 (9th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984); *United States v. Jervey*, 630 F.Supp. 695 (S.D.N.Y.1986). *Jervey* indicates clearly that once a magistrate orders removal, the speedy trial clock begins "to accrue the days." 630 F.Supp. at 697.

■ All that remains for decision is whether the indictment should be dismissed with or without prejudice. Defendant seeks a dismissal with prejudice, arguing that the case against him suggests a *de minimus* involvement and that a dismissal with prejudice will send a needed message to the government to comply with the Speedy Trial Act.

The Speedy Trial Act provides several factors to weigh before dismissing an indictment:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the ad-

ministration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

The defendant, here, is charged with serious offenses. This factor, however, is the only one which weighs in favor of a dismissal without prejudice, and it is counterbalanced by a serious, though not lengthy, violation of the Act. *See United States v. Simmons,* 786 F.2d 479, 485 (2d Cir.1986). The circumstances surrounding the violation and the arguments advanced by the government present no credible explanation for the delay. Defendant presents at least a colorable argument that the government obtained a tactical advantage during the period of delay by conferring with defendant's unindicted co-conspirator. *See* Defendant's Motion To Dismiss For Violation Of The Speedy Trial Act at 9. Even if the delay resulted from a good-faith miscalculation, the negligence would "militate in favor of dismissal with prejudice." *United States v. Caparella,* 716 F.2d 976, 980 (2d Cir.1983). Additionally, the administration of the Speedy Trial Act is best served by a dismissal with prejudice. To dismiss the indictment here without prejudice after such a clear violation of the Act, would be to participate in a "charade" of enforcement of the Act. *Jervey,* 630 F.Supp. at 698. The ends of justice also weigh in favor of dismissal with prejudice by furthering Congressional purpose behind the Act, and by ensuring strict compliance by the government. *See Caparella,* 716 F.2d at 981. After balancing all the factors listed in 18 U.S.C. § 3162(a)(1), the Court concludes that the indictment should be dismissed with prejudice.

Based upon the foregoing, defendant's motion to dismiss the indictment is GRANTED and the indictment is DISMISSED WITH PREJUDICE. The resolution of this issue in favor of the defendant obviates the need to address defendant's additional motions.

SO ORDERED.