UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary Lee WICKHAM, Defendant–Appellant.

No. 92–50522.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 1993.

Decided July 29, 1994.

---

Leon L. Peterson, Deputy Federal Public Defender, Santa Ana, CA, for defendant-appellant.

Duane R. Lyons, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BRUNETTI, KOZINSKI, and BOGGS *, Circuit Judges.

BRUNETTI, Circuit Judge:

Defendant Gary Lee Wickham entered a conditional guilty plea to a charge of escape from custody in violation of 18 U.S.C. § 751. He appeals the district court's denial of his motion to dismiss the information for violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. We affirm.

I.

Wickham was serving a federal sentence at the Gateway Community Correctional Center in Los Angeles, California. On July 31, 1991, a complaint was filed in the Central District of California charging Wickham with escape from custody in violation of 18 U.S.C. § 751. Deputy United States Marshals arrested Wickham in Dallas, Texas on August 1, 1991.

On August 2, 1991, Wickham appeared before a United States Magistrate Judge in the Northern District of Texas. Although Wickham initially elected to waive the removal hearing and have the preliminary hearing

held in Los Angeles, he subsequently decided to plead guilty in Texas to the escape charge pursuant to Rule 20 of the Federal Rules of Criminal Procedure.[1] Accordingly, he signed a Consent to Transfer form. That form and the information were both filed in the Central District of California on October 16, 1991. The case was then transferred to the Northern District of Texas.

On November 15, 1991, Wickham pled guilty to the escape charge. He filed a motion to withdraw his guilty plea on January 29, 1992. On February 12, 1992, the Texas district court granted the motion and ordered Wickham transferred to California for prosecution.

Wickham arrived at the Metropolitan Detention Center in Los Angeles ("MDC") on February 27, 1992. He first appeared in federal court in the Central District of California on April 21, 1992. As of that date, no detainer had been filed with the MDC. Wickham was arraigned on May 4, 1992. He pled not guilty and trial was set for June 9, 1992.

Wickham filed a motion to dismiss for violation of the Speedy Trial Act. The district court heard and denied the motion on June 8, 1992. On June 9, 1992, Wickham entered a plea of guilty conditioned on his right to appeal the district court's denial of his motion to dismiss. Wickham timely appealed.

II.

We review de novo the district court's interpretation of the Speedy Trial Act. *United States v. Gallardo*, 773 F.2d 1496, 1501 (9th Cir.1985).

Under the Speedy Trial Act, a defendant who pleads not guilty must be tried

---

* Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

1. Rule 20 provides, in relevant part:

   A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against that defendant may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which that defendant was

arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and the prosecution shall continue in that district.

Fed.R.Crim.P. 20(a).

"within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Wickham argues that since he initially pled guilty and later withdrew that plea, the time limit should be determined not under section 3161(c)(1), but rather under section 3161(i), which provides:

> If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final.

18 U.S.C. § 3161(i). Wickham's guilty plea was ordered withdrawn on February 12, 1992. Allowing for ten days of excludable time under section 3161(h)(1)(H) for his transfer to Los Angeles, Wickham calculates that the speedy trial clock began to run on February 22, 1992. He concludes that the June 9, 1992 trial date exceeded the seventy-day limit and violated his right to a speedy trial.

■ Wickham's reading of the statute overlooks the interaction between sections 3161(c)(1) and 3161(i). Section 3161(i) does not replace section 3161(c)(1) when a defendant withdraws a guilty plea; it merely reestablishes the indictment date for the purposes of section 3161. *Cf. United States v. Mack,* 669 F.2d 28, 31 (1st Cir.1982) (dismissal sanction under 18 U.S.C. § 3162 is made applicable to violations of § 3161(i) by the provision that the defendant "shall be deemed indicted ... *within the meaning of section 3161*" when the guilty plea is with-

drawn). Unlike sections 3161(d) and (e), which explicitly reset the seventy-day clock from the date the action occasioning the trial or retrial becomes final, section 3161(i) makes no reference to the speedy trial period. Its effect on the application of section 3161(c)(1) is simply to substitute an artificial indictment date for the actual indictment date when calculating the seventy-day period for a defendant who pleads not guilty.

Wickham correctly notes that under section 3161(i), he is deemed indicted as of February 12, 1992, the date the district court in Texas granted his motion to withdraw his guilty plea. *United States v. Carter,* 804 F.2d 508, 512 (9th Cir.1986) (citing Judicial Conference of the United States, Committee on the Administration of the Criminal Law, *Guidelines to the Administration of the Speedy Trial Act of 1974, As Amended,* at 71 (1984)). Under section 3161(c)(1), however, the speedy trial clock does not begin to run until the later of the date of indictment or the date the defendant appears before a judicial officer in the charging district. *Carter,* 804 F.2d at 511–12. The relevant court appearance occurred on April 21, 1992 when Wickham appeared in the Central District of California, the district in which the charge was pending. *United States v. Young,* 814 F.2d 392, 395 (7th Cir.) (speedy trial clock did not begin to run when defendant appeared in district court to which case had been transferred under Rule 20, because it was not court in which charge was pending), *cert. denied,* 484 U.S. 838, 108 S.Ct. 121, 98 L.Ed.2d 79 (1987). *See also United States v. Wilson,* 720 F.2d 608, 609 (9th Cir.1983) (70–day period did not begin to run until defendant appeared in district in which the information was filed, even though she first appeared in another district where she had been apprehended), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984); *United States v. O'Bryant,* 775 F.2d 1528, 1531 (11th Cir.1985).[2]

---

**2.** Wickham argues that a 1971 letter from then-Assistant Attorney General William H. Rehnquist "implicitly assumes" that when a defendant withdraws a guilty plea made pursuant to Rule 20, his speedy trial clock begins before he is transported to the charging district. *See* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* (Fed. Judicial Center 1980) at

187 (quoted in *Mack,* 669 F.2d at 31). We decline the invitation to adopt this assumption. Mr. Rehnquist wrote the letter before the statute was enacted asking Congress to address the problem of timely trying a defendant who withdraws a guilty plea. The letter does not purport to interpret the statute as finally enacted. Moreover, Wickham has pointed to nothing in the

Because the date Wickham appeared in the charging district is later than the date he was deemed indicted under section 3161(i), the speedy trial clock began to run on April 21, 1992. The trial date of June 9, 1992 was therefore timely.

Our reading of section 3161(i) accords the statute its plain meaning and reconciles any possible inconsistencies between sections 3161(c)(1) and 3161(i). This interpretation is consonant with the purpose of section 3161(i), which is to enlarge the time in which the government can bring to trial a defendant who has withdrawn a guilty plea rather than to limit the time allowed by section 3161(c)(1). *See Carter*, 804 F.2d at 512; *Mack*, 669 F.2d at 31–32.

Wickham also argues that the government violated section 3161(j)(1) because it failed to act promptly either to obtain his presence for trial or to file a detainer with the MDC.[3] We need not decide this issue. The only remedy Wickham is seeking in this appeal is dismissal of the information. "The language of the Speedy Trial Act clearly dictates that dismissal of an indictment [or information] is not a remedy for a violation of section 3161(j)(1)." *United States v. Valentine*, 783 F.2d 1413, 1415 (9th Cir.1986).

AFFIRMED.

Speedy Trial Act or in Rule 20 that supports his assertion that our holding in *Wilson* should not apply to a defendant who withdraws a guilty plea made under Rule 20.

**3.** 18 U.S.C. § 3161(j)(1) provides:
   If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—
   (A) undertake to obtain the presence of the prisoner for trial; or
   (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.