62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dion MATTHEWS, Defendant-Appellant.
 No. 95-30026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dion Matthews appeals his jury conviction for distribution of cocaine, in violation of 18 U.S.C. Sec. 841(a)(1). Matthews contends that the district court erred by denying (1) his motion to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. Secs. 3161-3174 ("Act"); and (2) his motion for a judgment of acquittal based on his claim of insufficient evidence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Speedy Trial Act
 
 
 4
 The district court's factual findings concerning the Speedy Trial Act are reviewed for clear error, and questions concerning the application of the law are review de novo. United States v. Nash, 946 F.2d 679, 680 (9th Cir. 1991).
 
 
 5
 Under the Act, a defendant who pleads not guilty must be tried "within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." United States v. Wickham, 30 F.3d 1252, 1254 (9th Cir. 1994) (citing 18 U.S.C. Sec. 3161(c)(1)). However, the Act allows the exclusion of delays resulting from any pretrial motion or the time (up to thirty days) the court has the case under advisement. 18 U.S.C. Sec. 3161(h)(1)(F), (J); United States v. Springer, 51 F.3d 861, 865. A defendant's guilty plea waives all nonjurisdictional defect claims, including the right to a speedy trial under the Act. United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam). When a plea of guilty is subsequently withdrawn, "the defendant shall be deemed indicted ... on the day the order permitting withdrawal of the plea becomes final." 18 U.S.C. Sec. 3161(i); see Wickham, at 1254.
 
 
 6
 Here, Matthews was indicted on June 8, 1993. On August 6, 1993, he appeared before the district court and pleaded not guilty. Following several continuances, Matthews entered a guilty plea on February 3, 1994 and subsequently moved to withdraw his plea on May 25, 1994. The district court granted Matthew's motion to withdraw his guilty plea on May 31, 1994. Contemporaneously, the court undertook to procure new counsel for Matthews. New counsel was appointed on June 23, 1994 and trial commenced on August 22, 1994.
 
 
 7
 By pleading guilty, Matthews waived his right to assert any violations of the Act that may have occurred before entering the plea. See Bohn, 956 F.2d at 209. Based on his subsequent withdrawal of his guilty plea, the date of the indictment is deemed to be May 31, 1994. See 18 U.S.C. Sec. 3161(i); Wickham, 30 F.3d at 1254. Thus, the seventy-day period did not begin to run until June 1, 1994. See Wickham, 30 F.3d at 1254. Excluding the twenty-three day delay resulting from the court's procurement of new counsel for Matthews, Matthews was brought to trial within the seventy days mandated by the Act. See 18 U.S.C. Sec. 3161(h); Springer, 51 F.3d at 865. Accordingly, the district court properly denied his claim.
 
 II
 Sufficiency of the Evidence
 
 8
 Matthews contends that there was insufficient evidence to support a verdict of guilty because the testimony of the government's key witness was incredible. Specifically, Matthews contends that this testimony was contradicted by his testimony and the testimony of a defense witness.
 
 
 9
 "There is sufficient evidence to support a conviction if, viewing the evidence presented against the defendant in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' United States v. Terry, 11 F.3d 110, 113 (9th Cir. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Even the uncorroborated testimony of a paid informant is sufficient to uphold a conviction "unless it is incredible or insubstantial." United States v. Earl, 27 F.3d 423, 425 (9th Cir. 1994) (per curiam) (citing United States v. Lai, 944 F.2d 1434, 1440 (9th Cir. 1991), cert. denied, 502 U.S. 1062 (1992)). "[W]hen a jury is informed of the possible challenges to a witness' credibility and nevertheless believes the witness, the reviewing court should not upset the jury's credibility determination." United States v. Leung, 35 F.3d 1402, 1405 (9th Cir. 1994), cert. denied, 115 S. Ct. 954 (1995).
 
 
 10
 Here, the witness was subjected to full cross-examination by the defense and the jury was informed that the witness was testifying pursuant to an agreement with the government. Under these circumstances, the jury reasonably believed that the witness' version of the facts was credible. See id. Thus, the district court properly denied Matthew's motion for a judgment of acquittal because "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson, 443 U.S. at 319.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3