12-4222-cr
United States v. Lynch

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: April 16, 2013                    Decided: August 13, 2013)

Docket No. 12-4222-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

       *Appellee*,

        v.

GREGORY LYNCH,

       *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Before: POOLER, WESLEY, and DRONEY, *Circuit Judges*.

Defendant appeals from denial by the district court (Chatigny, *J.*) of his motion to dismiss the indictment for violation of the Speedy Trial Act. We hold that defendant's seventy-day period in which to commence trial under the Speedy Trial Act did not begin until defendant first appeared in court in the district where the indictment was filed, and that the district court could grant an "ends-of-justice" exclusion of time under 18 U.S.C. § 3161(h)(7)(A) without the defendant's consent. Accordingly, we AFFIRM the judgment of the district court.

STEPHANIE M. CARVLIN, New York, New York, *for Defendant-Appellant*.

RAHUL KALE (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, for David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut, *for Appellee*.

DRONEY, *Circuit Judge*:

Defendant-appellant Gregory Lynch was indicted on one count of escape from a correctional facility. Following Lynch's arrest in New Jersey, his arraignment in Connecticut, and a continuance obtained by Lynch's first attorney without Lynch's consent, Lynch moved to dismiss the indictment for failure to commence trial within seventy days as required by the Speedy Trial Act ("STA"). The district court (Chatigny, *J.*) denied Lynch's motion on the bases that the seventy-day period did not begin until his arraignment and that his consent was not necessary for the court to grant a trial continuance that satisfied the "ends-of-justice" provision of the STA. For the reasons stated below, we AFFIRM the judgment of the district court.

## BACKGROUND

**I. The Offense Conduct and Arrest in New Jersey**

On June 19, 2009, Lynch was sentenced by the United States District Court for the District of Connecticut (Dorsey, *J.*) to forty-six months' imprisonment for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. Lynch was designated by the Bureau of Prisons to the United States Penitentiary Canaan, located in Waymart, Pennsylvania. On December 7, 2011, Lynch applied for a furlough for a halfway house. His furlough request was granted on February 3, 2012, allowing him to transfer to Watkinson House, a halfway house in Hartford, Connecticut. That day, Lynch was dropped off at the Scranton bus terminal and given a ticket for a bus to Hartford, which was scheduled to arrive at 7:00 pm. Lynch was given until 8:00 pm to arrive at Watkinson House.

On February 4, 2012, Watkinson House notified the Bureau of Prisons and the U.S. Marshals Service that Lynch had not arrived. On February 23, 2012, the U.S. Marshals Service arrested Lynch in Camden, New Jersey, on an arrest warrant from the District of Connecticut for escape issued pursuant to a criminal complaint. That day, he appeared before a magistrate judge in New Jersey, who ordered Lynch detained. Lynch initially demanded a hearing to contest his identity, but he subsequently waived that hearing, and on February 28, 2012, the magistrate

judge in New Jersey signed an Order of Commitment to Another District (the "Order of Commitment") transferring Lynch to the District of Connecticut. On March 8, 2012, Lynch arrived at the Wyatt Detention Center in Central Falls, Rhode Island, which is used by the District of Connecticut to house detainees.

**II.     The Indictment and Subsequent Proceedings in Connecticut**

On March 13, 2012, a federal grand jury in Connecticut indicted Lynch for one count of escape in violation of 18 U.S.C. § 751. On March 23, 2012, Lynch was arraigned on that indictment before a magistrate judge in Connecticut, and entered a plea of not guilty. Jury selection was set for May 8, 2012.

On April 16, 2012, Assistant Federal Defender Deirdre A. Murray, as counsel for Lynch, moved to continue jury selection for thirty days. Murray stated in the motion that she was unavailable on May 8, 2012, because she was scheduled to start another trial and because Lynch had requested transcripts of prior proceedings, which had not yet arrived. The Assistant United States Attorney did not object to the continuance. The motion for a continuance also stated that a "waiver of speedy trial will be provided to Mr. Lynch and forwarded to the Court upon its receipt." That same day, Murray sent a letter to Lynch explaining her scheduling conflict and the need for additional preparation and providing a speedy trial waiver form. In response, by letter dated April 25, 2012, Lynch refused to sign the speedy trial waiver form.

Meanwhile, on April 19, 2012, the district court (Chatigny, *J.*) granted the motion to postpone jury selection. The order noted that the STA "generally requires that the trial of a defendant commence within seventy days after the filing of the indictment or the date the defendant first appears in court, whichever is later," pursuant to 18 U.S.C. § 3161(c)(1). However, a continuance may be granted if the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," pursuant to 18 U.S.C. § 3161(h)(7)(A). The district court found that the defendant's request for transcripts satisfied the "ends-of-justice" provision and granted the motion. The motion provided that the "period May 8, 2012 through June 12, 2012 will be excluded under the [STA] subject to the

3

filing of a waiver of the defendant's rights" under the STA. The district court then rescheduled jury selection for June 12, 2012.

On May 22, 2012, Murray filed a motion to withdraw as counsel, citing an "irretrievable breakdown in the relationship between Mr. Lynch and [her]." The motion also stated that Murray expected "that Mr. Lynch will pursue a claim against [her] for violation of his speedy trial rights" because of his dissatisfaction with her "performance thus far, in particular [her] motion to continue the trial date which was scheduled to begin on May 8, 2012."

On May 25, 2012, Lynch filed a *pro se* motion seeking to dismiss the indictment for violation of the Speedy Trial Act. On June 7, 2012, a magistrate judge held a hearing on Murray's motion to withdraw and granted the motion on June 12, 2012, noting that Attorney Richard Reeve had already entered an appearance as substitute counsel. The district court also returned the *pro se* motion to Lynch because he was represented by counsel.

On June 11, 2012, Reeve moved to continue jury selection from June 12, 2012, to July 10, 2012. That motion was granted, and was not challenged by Lynch as a violation of the Speedy Trial Act in the district court or on this appeal.

**III.    The Speedy Trial Act Motion**

On June 20, 2012, Lynch, through Attorney Reeve, filed a motion to dismiss the indictment for violation of the Speedy Trial Act's provision requiring trial within seventy days of indictment or initial appearance. In the motion, Lynch argued that in Murray's motion for a continuance, "Murray did not represent that she had consulted with Mr. Lynch about this continuance request, and it appears that no such consultation occurred prior to either the filing of the Motion or the subsequent Order of the Court, which was based in large part upon counsel's trial schedule." He asserted that thirteen days between the filing of the Order of Commitment in New Jersey on February 28 and his arraignment in Connecticut on March 23 should be counted because his transportation time from New Jersey to Connecticut had exceeded ten days. Lynch also argued that because he had never approved Murray's motion for a continuance, the period

4

covered by that continuance (from May 8 to June 12) could not be excluded. On this basis, Lynch argued that as of June 12, 2012, ninety-one days of countable time had elapsed, and so the seventy-day speedy trial period had been exceeded.[1] As the remedy, Lynch sought dismissal of the indictment with prejudice. The Government opposed Lynch's motion.

On July 24, 2012, the district court issued an oral decision denying Lynch's motion to dismiss. The court noted that Lynch "makes two basic arguments": that "travel time in excess of ten days must be included in the calculation" under 18 U.S.C. § 3161(h)(1)(F), and that "the speedy trial clock is not tolled by a motion for continuance filed by defense counsel without the defendant's informed consent." The court rejected Lynch's first argument based upon 18 U.S.C. § 3161(c)(1), and stated that the statute requires that the trial "shall commence within seventy days from the filing date of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." As Lynch was not indicted in Connecticut until March 13 and not arraigned on the indictment until March 23, the district court concluded that his seventy-day period did not begin until March 24, and thus none of the travel time before March 24 counted against the seventy-day period.

As to Lynch's second argument, the court held that consent for a motion for a continuance is not necessary because "if the defendant is not bound by the representations of his lawyer, the Speedy Trial Act could entangle everybody in proceedings focusing on the issue of informed consent." The court further explained that "requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations [as motions for continuances] would consume time to no apparent purpose." The court did note that the continuance excluding the period from May 8 to June 12 had been granted "subject to the filing of a waiver," but that the court had "made a finding that a continuance was in the interest of justice." The court thus found that only forty-one includable days had passed under the Speedy Trial Act and denied Lynch's motion.

---

[1] Lynch does not challenge any other excluded periods that alone, or in combination, would have exceeded the seventy-day period of 18 U.S.C. § 3161(c)(1).

On September 12, 2012, Lynch entered a conditional plea of guilty to the escape charge pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure in which he reserved the right to seek appellate review of the district court's ruling regarding his Speedy Trial Act motion. This appeal followed.[2]

**DISCUSSION**

**I.      Standard of Review**

"We review the district court's findings of fact as they pertain to a speedy trial challenge for clear error and its legal conclusions *de novo*." *United States v. Lucky*, 569 F.3d 101, 106 (2d Cir. 2009) (quoting *United States v. Oberoi*, 547 F.3d 436, 443 (2d Cir. 2008)) (internal quotation marks omitted).

**II.     Analysis**

**A.  Overview**

Lynch makes the same two arguments here that he made below in claiming that the district court improperly counted the number of days under his seventy-day STA "clock" to commence trial. First, Lynch argues that thirteen of the twenty-three days that elapsed between the issuance of the Order of Commitment by the magistrate judge in New Jersey and his arraignment in Connecticut on the indictment should be counted against the seventy-day period mandated by 18 U.S.C. § 3161(c)(1). Second, Lynch argues that the period covered by the continuance sought by Attorney Murray and granted by the court should not be excluded from the seventy-day period because he did not provide consent. We address these arguments in turn.[3]

---

[2] Lynch was subsequently sentenced to a term of imprisonment of twelve months on the escape conviction. He challenges that sentence in the instant appeal as well, which we address separately in a summary order issued today.

[3] Lynch does not argue on appeal, as he argued below, that his right to a speedy trial under the Sixth Amendment was violated by either the claim of excessive travel time or the trial continuance.

6

**B. The Period Between the Issuance of the Order of Commitment and Lynch's Arraignment in Connecticut**

Section 3161(c)(1) of title 18 of the United States Code provides when a trial must commence to satisfy the STA:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). "This provision of the [STA] is intended both to protect the defendant from undue delay in his or her trial and to benefit society by ensuring a quick resolution of criminal trials." *United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995) (per curiam). To determine when the STA clock begins, the "day after the triggering event is the first to be counted for purposes of the statute." *United States v. Pena*, 793 F.2d 486, 488 (2d Cir. 1986) (citing *United States v. Simmons*, 763 F.2d 529, 530 n.1 (2d Cir. 1985)). The relevant triggering events under § 3161(c)(1) are the filing date of the information or indictment and the defendant's first appearance in the court where the indictment was filed, and the STA seventy-day clock begins running after the later of those two events.

As set forth above, Lynch was arrested pursuant to the criminal complaint in New Jersey on February 23 and was ordered detained by a magistrate judge that day. The magistrate judge then signed the Order of Commitment on February 28. Lynch was not transferred to the District of Connecticut until March 8, when he arrived at the Wyatt Detention Center. A federal grand jury in Connecticut indicted Lynch for escape on March 13, but he was not arraigned on that indictment until March 23, which was his first appearance in the court in which he was charged on that indictment. Though the period between the issuance of the Order of Commitment and the arraignment in Connecticut was twenty-three days, Lynch's STA clock under § 3161(c)(1) began running on March 24, which was the "day after the triggering event" (i.e., his arraignment on the

7

indictment) under the statute. *Pena*, 793 F.2d at 488. The district court thus properly excluded all time from prior to that date for STA purposes.

Lynch contends, however, that a portion of the time between his arrest in New Jersey and his arraignment in Connecticut should not be excluded from computing his STA clock. He points to 18 U.S.C. § 3161, which describes the "periods of delay" that are to be excluded from the seventy-day period mandated by § 3161(c)(1):

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> . . .
>
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

*Id.* § 3161(h)(1)(F). Lynch contends that the twenty-three-day period between the issuance of the Order of Commitment and his arraignment was unreasonably long by a period of thirteen days, and so this incremental period should be included in his STA seventy-day calculation. However, that limitation on the exclusion for travel time only applies to travel time *after* Lynch's arraignment in Connecticut on the indictment. Section 3161(c)(1) specifically provides that the seventy-day period for trial begins on the later of the filing of the information or indictment and the defendant's first appearance before a "judicial officer of the court in which such charge pending." 18 U.S.C. § 3161(c)(1). Here, although Lynch was charged previously with a criminal complaint, it was only when he appeared in the District of Connecticut for his arraignment on the indictment that the seventy-day period for trial commenced.

8

Lynch's reference to the Supreme Court's decision in *United States v. Tinklenberg*, 131 S. Ct. 2007 (2011), does not support his view that the limitation on the exclusion of travel time of a defendant in § 3161(h)(1)(F) applies to the seventy-day period of § 3161(c)(1). In *Tinklenberg*, the Supreme Court interpreted § 3161(h)(1)(F) to include holidays and weekends in the ten-day travel period that is presumed to be reasonable. 131 S. Ct. at 2017-18. However, the defendant's STA claim in *Tinklenberg* arose in connection with delays related to his attempts to seek a competency hearing, which came after he had been indicted and made his first appearance in the charging court. The holding of *Tinklenberg* is thus not inconsistent with our determination that the seventy-day period mandated by § 3161(c)(1) only begins after the later of the filing of the information or indictment and the defendant's first appearance in the court in which he was charged on that indictment.

Our reading comports with the plain text of § 3161(c)(1) and with the reasoning of other circuit courts applying § 3161(h). *See, e.g.*, *United States v. Wickham*, 30 F.3d 1252, 1254 (9th Cir. 1994) (holding that even though the defendant was deemed indicted on February 12, 1992, while in Texas, when the defendant's motion to withdraw his guilty plea was granted, his STA period only began on April 21, 1992, when he first appeared in court in California in the district in which the indictment was pending); *United States v. Thirion*, 813 F.2d 146, 153 (8th Cir. 1987) (holding that, although the defendant was apprehended in Monaco on March 29, 1985, his STA clock did not begin running until after he was extradited to the United States and arraigned by a magistrate judge on June 28, 1985); *United States v. O'Bryant*, 775 F.2d 1528, 1531 (11th Cir. 1985) ("Case law and the legislative history of the [STA] also indicate that, where an indictment has been filed, the seventy day clock does not begin running until a defendant has appeared in the court where the charges are pending."); *see also United States v. Wilson*, 720 F.2d 608, 609 (9th Cir. 1983) (examining the guidelines to the interpretation of § 3161(c)(1) issued by the Judicial Conference of the United States and concluding that the seventy-day clock does not begin until the defendant's first appearance in the charging district). As a result, Lynch's argument to include the time before his first appearance in the district court on the indictment in his STA period fails.

## C. The Continuance Sought by Attorney Murray

The STA also excludes from the seventy-day trial mandate certain periods covered by a court's grant of a motion for a continuance. Relevant here, the STA excludes

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Under this section, the period covered by a court's grant of the motion for a continuance may only be excluded for purposes of the seventy-day clock if the court "sets forth . . . its reasons for finding that the ends of justice . . . outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In other words, the district court must provide the specific reasons for why granting the continuance would serve the ends of justice based upon its analysis of the factors set forth in 18 U.S.C. § 3161(h)(7)(B).[4] Because the STA was designed "to

---

[4] The factors to be considered by a district court in determining whether the ends of justice would be served by granting a continuance include, among others, the following:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel,

protect a defendant's right to a speedy trial" and "with the public interest firmly in mind," these findings "must be put on the record by the time a district court rules on a defendant's motion to dismiss under [the STA]." *Zedner v. United States*, 547 U.S. 489, 501, 507 (2006).[5] Also, a motion for a continuance under this section may be granted "at the request of the defendant *or his counsel*," 18 U.S.C. § 3161(h)(7)(A) (emphasis added), which indicates that an attorney may make such a request without obtaining his client's approval.

Lynch argues that the district court erred in applying § 3161(h)(7)(A) in two respects. First, he argues that the district court did not make the findings necessary to meet an ends-of-justice determination because the order granting the continuance provided that the relevant period "will be excluded under the [STA] subject to the filing of a waiver of the defendant's rights." Lynch argues that the district court had made a finding that the ends of justice would be served "*only if* Mr. Lynch agreed to the request for a delay of trial." Second, Lynch argues that the continuance was not properly granted under § 3161(h)(7)(A) because he did not consent to Attorney Murray's filing of the motion. While conceding that "there is no holding of this Court that requires defense counsel to consult with a client on scheduling matters" and that "counsel generally need not do so," Lynch argues that his consent should have been required before the court granted a continuance and concomitant extension of his speedy trial period. We address these two arguments in turn.

First, Lynch mischaracterizes the order granting the continuance as ineffective absent the execution of an STA waiver by Lynch. Rather, the district court made specific factual findings at the time it granted the motion that satisfied the factors articulated in § 3161(h)(7)(B):

---

> or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

[5] The *Zedner* Court noted that "[t]he best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." 547 U.S. at 507 n.7. As we have previously stated, "an on-the-record contemporaneous finding ensures that 'the required balancing was done at the outset,' puts defense counsel on notice that the speedy trial clock has been stopped, and facilitates appellate review." *Kelly*, 45 F.3d at 47 (quoting *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985)). The district court followed this procedure here.

> In support of the defendant's motion for a continuance, counsel represents that her client has asked her to obtain transcripts of prior proceedings before moving forward with the case. The transcripts have been ordered, but one transcript has not yet arrived.

> Crediting the representations of defendant's counsel, I find that the ends of justice served by the requested continuance outweigh the interest of the public and the defendant in a speedy trial in that failure to grant the continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Although the district court anticipated Lynch's consent, its findings nonetheless satisfied § 3161(h)(7)(A). Further, when it denied Lynch's motion to dismiss the indictment under the STA, the district court noted that it "made a finding that a continuance was in the interest of justice and granted the motion excluding the period May 8 to June 12, and it was not [the court's] intention that this finding would depend on whether the defendant filed a waiver." This was not a *post hoc* rationalization, as Lynch urges, but rather a clarification that its contemporaneous findings under § 3161(h)(7)(B) satisfied the statute regardless of Lynch's consent. Because the district court had articulated its findings supporting its determination that the ends of justice would be served before granting the continuance, and those findings fulfilled the criteria set out in § 3161(h)(7)(B), the district court complied with *Zedner*. *See* 547 U.S. at 506-07.

In addition, the STA does not include the defendant's consent among the factors a court must consider in weighing whether the ends of justice would be served by granting a continuance. 18 U.S.C. § 3161(h)(7)(B). We find persuasive the reasoning of the Sixth Circuit in *United States v. Stewart*, in which a defendant objected to the district court's grant of a continuance because the defendant "never provided his written consent, which was required by the district court's Pretrial Order and was specifically ordered when the court granted the motion." 628 F.3d 246, 254 (6th Cir. 2010). The court rejected the defendant's claim, reasoning that a defendant's

> consent is not a statutory requirement under the Speedy Trial Act. And where an attorney seeks a continuance without the client's approval, this court has held that the Speedy Trial Act "does not require a defendant's consent to the continuance" in order for a judge to be able to grant a motion in furtherance of the ends of justice.

12

> In fact, the statute even allows the district court to grant a continuance on its own initiative if the interests of justice justify such a delay. So even though [the defendant] did not provide his consent, the district court acted within its wide range of discretion in deciding to grant the motion for a continuance that was filed by [the defendant's] attorney.

*Id.* (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009)) (internal citations omitted). The district court here properly determined that granting a continuance would serve the ends of justice because doing so would allow time for Attorney Murray to obtain and consider certain transcripts necessary to prepare a defense, which is one of the factors a district court must consider in making an ends-of-justice determination. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (stating that "[w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" is a proper factor for a district court to consider).

Second, Lynch misconstrues the STA as requiring that a defendant consent before his counsel may seek a continuance. As previously noted, the STA provides that a continuance may be granted "at the request of the defendant *or* his counsel." *Id.* § 3161(h)(7)(A) (emphasis added). This rule aligns with the view that continuances are "[s]cheduling matters" that are "plainly among those for which agreement by counsel generally controls." *New York v. Hill*, 528 U.S. 110, 115 (2000). "The adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois*, 484 U.S. 400, 418 (1988). Thus, "[t]o hold that every instance of waiver requires the personal consent of the client himself or herself would be impractical." *Gonzalez v. United States*, 553 U.S. 242, 250 (2008).

We therefore hold that, pursuant to 18 U.S.C. § 3161(h)(7)(A), a district court may grant a continuance sought by counsel without the consent of the defendant so long as the district court determines that the ends of justice would be served based upon its analysis of the factors articulated in 18 U.S.C. § 3161(h)(7)(B) and sets forth its reasons on the record. The time period covered by the court's order granting such a continuance would therefore be excluded from the computation of the defendant's seventy-day STA period. In so holding, we agree with other courts of appeals considering similar challenges under the STA. *See, e.g.*, *United States v. Gates*,

709 F.3d 58, 65 (1st Cir. 2013) ("[A] defendant's lawyer may seek a continuance and the concomitant exclusion of time for STA purposes without first securing the defendant's personal consent."); *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) ("We agree with the Sixth Circuit that the plain language of section 3161(h)(7)(A) 'does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" (quoting *Sobh*, 571 F.3d at 603)) (internal quotation marks omitted); *United States v. Daychild*, 357 F.3d 1082, 1094-95 (9th Cir. 2004) (holding that the district court properly excluded time under the STA arising from a request for a continuance made by the defendant's counsel without the defendant's knowledge or consent); *United States v. Bryant*, 134 F.3d 364, 1998 WL 39393, at *3 (4th Cir. 1998) (unpublished disposition) (per curiam) (reasoning that making the defendant's consent necessary to allow a continuance to be effective for STA purposes "would put the district court in the precarious position of having to determine whether a defendant's legal counsel or the defendant himself is actually speaking for a defendant"); *see also United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) (Alito, *J.*) ("The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought."). As such, the district court did not err in granting Murray's request for a continuance despite the absence of consent by Lynch, and so it properly excluded the period covered by the continuance from Lynch's STA period.

**CONCLUSION**

For the reasons stated above, we AFFIRM the judgment of the district court.

14