14-4537-cr
United States v. Maxo Jean

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges*,
 PAUL A. ENGELMAYER,[*]
  *Judge*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

 *Appellee*,

 v.                                                        No. 14-4537-cr

MAXO JEAN, AKA MAX, AKA SEALED DEFENDANT 1,

 *Defendant-Appellant*.

------------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:          NEIL B. CHECKMAN, New York, NY.

FOR APPELLEE:          ALEXANDER J. WILSON (Karl Metzner, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York.

---

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from a December 4, 2014 judgment of the United States District Court for the Southern District of New York (Chin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Maxo Jean appeals his conviction and sentence of 120-months' imprisonment followed by three years' supervised release. The sentence was imposed following a jury trial on a charge that he conspired to commit mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. § 1349. This charge was in connection with a scheme to deliberately cause car accidents and defraud insurance companies. We assume the parties' familiarity with the facts and procedural history of the case.

1.  Sentencing

We review a district court's sentence under an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 46 (2007). Such review has two components: procedural and substantive review. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the § 3553(a) factors, rests its sentence on a clearly erroneous finding of fact, or fails to adequately explain its chosen sentence. Id. at 190.

a.  Intended Loss

The defendant claims that the district court committed procedural error by computing his offense level using an intended loss that was based on the total amount of

2

fraudulent claims submitted. However, "[t]he the district court may presume that the defendant intended the victims to lose the entire face value of the [claim]." United States v. Confredo, 528 F.3d 143, 152 (2d Cir. 2008). The defendant may rebut this presumption by producing evidence that he actually intended to cause a lesser loss. Id. (quoting United States v. Geevers, 226 F.3d 186, 193–94 (3d Cir. 2000)). The defendant did not provide any such evidence at sentencing—despite having the opportunity to do so at the sentencing hearing—and therefore the district court did not abuse its discretion in calculating intended loss based on the total amount of claims submitted. See United States v. Ravelo, 370 F.3d 266, 273 (2d Cir. 2004) (rejecting defendant's intended-loss argument where the defendant "offered no direct evidence at the hearing or elsewhere as to . . . his intent to constrain the amount of loss" despite having "ample opportunity to do so"). Moreover, to the extent that the defendant argues that his intended loss was lower than the full amount because insurance companies were unlikely to pay the full claims, the Sentencing Guidelines define "intended loss" to include harm "that would have been impossible or unlikely to occur (e.g., as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value)." U.S.S.G. § 2B1.1 cmt. n.3(A)(ii); see also Ravelo, 370 F.3d at 271 ("The definition of 'intended loss' now makes clear . . . that a loss may be intended irrespective of whether it could actually occur."). The district court did not err in its intended loss calculation.

b. Conscious or Reckless Risk of Death or Serious Bodily Injury

The defendant also argues that the district court erred in applying the two-level "conscious or reckless risk of death or serious bodily injury" adjustment under U.S.S.G. §

3

2B1.1(b)(15). The defendant fails to distinguish this case from United States v. Lucien, 347 F.3d 45 (2d Cir. 2003). In Lucien, the defendant participated in a fraudulent scheme in which she staged car accidents and fabricated personal-injury claims. Id. at 49. No one was hurt in any of the collisions and the defendant sought medical benefits for nonexistent injuries. Id. at 50. On appeal, we agreed with the district court's observation that "the risk of bodily injury inheres in any deliberately caused accident." Id. at 56–57 (internal quotation marks omitted). Indeed, we found that the defendant was subject to the offense level enhancement "because it is beyond cavil that her conduct was reckless." Id. at 57. This case does not warrant a different result, especially given that trial testimony indicated that one of the victims was bleeding after an accident and that the cars in another accident ended up careening onto the sidewalk. Thus, the district court did not err in applying the § 2B1.1(b)(15) adjustment.

c. U.S.S.G. § 5D1.1(c)

On appeal, Jean raises for the first time an argument that the district court's imposition of a three-year supervised release term violated U.S.S.G. § 5D1.1(c). Plain error review applies to this claim, because the defendant failed to object below. United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008). Section 5D1.1(c) states that a court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." The Sentencing Guidelines further note that "[t]he court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and

4

protection based on the facts and circumstances of a particular case." Id. at cmt. n.5. As such, if the district court makes a finding that an added measure of deterrence and protection is appropriate, then imposing supervised release on an alien who likely will be deported after imprisonment does not constitute a departure from the Guidelines. United States v. Alvarado, 720 F.3d 153, 158 (2d Cir. 2013).

While we have encouraged district courts to explicitly link a finding that added deterrence is needed to its decision to impose such a term of supervised release, district courts are not required to specifically draw that connection or to explicitly discuss § 5D1.1(c). Id. at 158–59. We have upheld a district court's imposition of supervised release where "it is clear that the District Court (1) was aware of the amended version of Section 5D1.1(c), (2) considered [the defendant's] specific circumstances and the Section 3553(a) factors, and (3) was convinced that additional deterrence was needed." Id. at 159. In Alvarado, the first prong was satisfied because the Pre-Sentence Report ("PSR") referred to the amended version of § 5D1.1(c) and the district court adopted its factual findings. Id. at 159 n.5. Here, the district court did not adopt the PSR's factual findings because it contained certain unrelated errors, but it is clear that the court read and considered the PSR, which specifically included references to § 5D1.1(c). Moreover, as in Alvarado, the district court satisfied the second prong by mentioning that it was taking the § 3553(a) factors into account and discussing the defendant's special circumstances— namely, his "callousness" and "complete lack of remorse," and the dangerous nature of the scheme. A-111. The district court fulfilled the third prong by specifically mentioning the defendant's lack of remorse, noting that "there have been a bunch of other cases," and

concluding that "[d]eterrence is an importance consideration." Id. Thus, we are satisfied that the district court did not plainly err in sentencing Jean to a three-year term of supervised release.

2.      Ineffective Assistance of Counsel

In order to demonstrate ineffective assistance of counsel, a defendant "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011) (internal quotation marks and citation omitted). This court reviews ineffective assistance of counsel claims de novo. United States v. Kaid, 502 F.3d 43, 45 (2d Cir. 2007).

Jean claims that his counsel at trial provided ineffective advice regarding whether he should plead guilty. But, as Jean's counsel acknowledges, the issue was not raised before the district court and no factual record has been made. Therefore, the issue is not a proper subject of appeal. We reject Jean's contention.

In his supplemental pro se brief, Jean also appeals the district court's denial of his Rule 33 motion for a new trial based on ineffective assistance of counsel, primarily on the ground that trial counsel failed to adequately consult with him. The defendant has not proven prejudice, because he fails to establish that trial counsel's alleged deficiencies might have affected the outcome of the case given the "overwhelming evidence" of defendant's guilt.

6

We have considered Jean's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court