16-264-cr (L)
*United States v. McFadden, Brown, & Germany*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand seventeen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

v.

16-264-cr (L)
16-269-cr (Con)
16-760-cr (Con)

SHAWNN MCFADDEN, ALLAH BROWN, AND AHMAD JAMAL GERMANY,

*Defendants-Appellants,*

---

For Appellee:           MARK MISOREK (Charles P. Kelly, Emily Berger, *on the brief*), Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

16-264-cr (L)
*United States v. McFadden, Brown, & Germany*

| For Appellants: | SUSAN C. WOLFE, New York, New York, *for Defendant-Appellant Shawnn McFadden.* |
|---|---|
| | DONNA R. NEWMAN (Clara Kalhous, *on the brief*), New York, New York, *for Defendant-Appellant Allah Brown.* |
| | LEONARD LATO, Hauppauge, New York, *for Defendant-Appellant Ahmad Jamal Germany.* |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Shawnn McFadden, Allah Brown, and Ahmad Jamal Germany appeal their convictions for conspiracy to commit mail fraud and substantive mail fraud, in violation of 18 U.S.C. §§ 1349 and 1341. McFadden argues that his speedy trial rights were violated, that the evidence presented was insufficient to sustain his conviction, that the district court incorrectly calculated the amount of "intended loss" at his sentencing, and (along with his co-appellants) that the government proved not one, but multiple conspiracies, leading to an impermissible variance between the charges and the proof at trial. McFadden also raises a due process challenge to the use of co-conspirator testimony against him at trial. Brown argues that the evidence against him was insufficient, and he joins the variance argument. Germany also argues that the evidence against him was insufficient and joins the variance argument. We assume the parties' familiarity

2

with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal. Each of Defendants-Appellants' arguments is addressed in turn.

## I. McFadden's Speedy Trial Rights

McFadden argues that his speedy trial rights were violated when 152 days elapsed between his final speedy trial waiver and the trial. We review "the district court's findings of fact as they pertain to a speedy trial challenge for clear error and its legal conclusions *de novo.*" *United States v. Lynch*, 726 F.3d 346, 351 (2d Cir. 2013).

We find no violation of McFadden's speedy trial rights. The district court here made repeated, thorough on-the-record findings that failing to grant requested continuances would visit a miscarriage of justice. *See, e.g.*, McFadden Supp. App'x at 9, 16, 24–25; Gov't App'x at 26. McFadden is correct that this Court has suggested that continuances for plea negotiations are not explicitly excludable as "other proceedings" under 18 U.S.C. § 3161(h)(1)(A), *see United States v. Lucky*, 569 F.3d 101, 107 (2d Cir. 2009), but the exclusions of time for the continuances in this case were based on the interests of justice under § 3161(h)(7)(A), not on the "other proceedings" exclusion in § 3161(h)(1)(A). The district court was tasked with managing a complex, multi-defendant indictment. Given McFadden's central role in the conspiracy, and his failure to move for a severance, it was reasonable for the district court to grant several relatively short continuances to allow other defendants to engage in plea negotiations.

McFadden also fails to demonstrate prejudice from the delay. "[P]rejudice is concerned with impediments to the ability of the defense to make its own case (*e.g.*, if defense witnesses are made unavailable due to the government's delay); the opportunity for the prosecution to prepare for trial does not, on its own, amount to prejudice to the defense." *United States v. Abad*, 514 F.3d 271, 275 (2d Cir. 2008). McFadden points to no evidence that he was impeded in presenting his case.

McFadden's ineffective assistance challenge, based on what he asserts was denial of a speedy trial, is meritless. His counsel's performance did not fall below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), when, given the questionable legal basis for moving to sever or to dismiss the indictment, McFadden's counsel declined to do so.

## II. Sufficiency of the Evidence Challenges

We review *de novo* McFadden, Brown, and Germany's challenge to the sufficiency of the evidence. *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000). In evaluating such challenges, we "view the evidence in the light most favorable to the government, deferring to the jury's evaluation of the credibility of the witnesses, its choices between permissible inferences, and its assessment of the weight of the evidence." *United States v. Jones*, 482 F.3d 60, 68 (2d Cir. 2006). We will uphold a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal alteration omitted).

### a. McFadden

Our review of the trial record leads us to conclude that there was sufficient evidence to prove beyond a reasonable doubt that McFadden committed the crimes of which he was convicted. The jury heard evidence about how the scheme was devised and how it operated. The three documents relating to the May 11, 2011 incident—a personal injury claim made to RepWest, a U-Haul contract in McFadden's name, and a police report describing the accident between the U-Haul and a private car—plainly support an inference that the accident was staged and the claim for personal injuries was fake.

Further, the charged conspiracy was an overall scheme to defraud insurance companies by staging accidents with U-Hauls. That McFadden's criminal activity constituting the substantive mail fraud count occurred with different co-conspirators than were tried as co-defendants undermines neither the conspiracy charge nor the substantive charge.

### b. Brown

Brown's sufficiency challenge also lacks merit. Essentially, Brown argues that the January 22, 2010 accident took two tries, and there was insufficient evidence to prove that he knew that the second "accident" was staged. Were that true, it would be some coincidence indeed. There was ample evidence from which a rational jury could infer that Brown was in on the scam. Roshon Cooke testified that he recruited Brown as a passenger and that Brown knew what was going on. He also remained in the car during the time of the second collision and gave

5

statements to the police who were investigating it. It was entirely reasonable for the jury to infer that he was a willing participant in the fraudulent scheme.

Moreover, from the balance of the evidence presented to the jury about how the frauds were perpetrated and from the documentary evidence presented as proof of Brown's involvement (the police report and the $12,500 liability check), a reasonable jury could infer that he committed mail fraud.

### c. Germany

Germany construes the district court's jury instruction to have advised the jury that, in order to convict on the conspiracy charge, it had to find actual use of the mails in furtherance of the conspiracy, and that insufficient evidence was presented to prove that he made actual use of the mails. Even assuming *arguendo*, however, that Germany correctly construes the instruction, "sufficiency of the evidence to support a conviction is measured against the actual elements of the offense, and not against an expanded list of elements contained in an erroneous jury instruction." *United States v. Facen*, 812 F.3d 280, 289–90 (2d Cir. 2016). Since the conspiracy charge required only an *agreement* to commit mail fraud, and not the completion of that crime, Germany's challenge fails.

### III. McFadden's Due Process Challenge

McFadden failed below to raise his due process challenge with respect to the government's use of co-conspirator testimony. We therefore review it for plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Rossomando*, 144 F.3d 197, 200 (2d Cir. 1998). There was none.

6

We have held that the government's use of cooperating witnesses does not violate the anti-gratuity statute. *United States v. Stephenson*, 183 F.3d 110, 118 (2d Cir. 1999) (holding that the statute "does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity"). There is no basis to revisit that holding.

McFadden had the opportunity to, and did in fact, cross-examine the witnesses and argue bias to the jury. Further, the district court issued a clear instruction that accomplice testimony "must be scrutinized by [the jury] with great care and particular caution." J. App'x at 1082. On this record, we discern no error, much less error that is plain.

## IV.   "Intended Loss" Calculation under U.S.S.G. § 2B1.1

As for McFadden's sentencing challenge, we "adopt[] a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopt[] a clear error approach when the determination was primarily factual." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012). Loss amount must be established by a preponderance of the evidence and is subject to clear error review. *United States v. Brennan*, 395 F.3d 59, 74 (2d Cir. 2005). District courts "may presume that the defendant intended the victims to lose the entire face value" of the claim. *United States v. Confredo*, 528 F.3d 143, 152 (2d Cir. 2008). The defendant may then rebut the presumption with evidence that he actually intended to cause a lesser loss. *Id.*

7

Here, despite the opportunity to do so at sentencing, McFadden presented no such evidence. McFadden failed to rebut the district court's reasonable presumption, and the district court did not err in its intended loss calculation. *Accord United States v. Jean*, 647 F. App'x 1, 3 (2d Cir. 2016).

## V.      Multiple Conspiracies Argument

McFadden, Brown, and Germany all argue that the United States proved not one, but several, independent conspiracies at trial, and the result was an impermissibly prejudicial variance in the evidence. No defendant requested a multiple conspiracy jury charge, and no defendant objected to evidence of staged accidents that they now say fall outside of the conspiracy. When, as here, the challenge has not been preserved below, the Court reviews defendants' challenge only for plain error. *United States v. Miller*, 116 F.3d 641, 672 (2d Cir. 1997). Our review of the record and relevant case law reveals no plain error. We affirm the judgment with respect to this challenge for substantially the reasons stated by the district court in its thorough and well-considered October 27, 2015 memorandum and order. *See United States v. McFadden*, No. 13-cr-284, 2015 WL 6506945, at *16–17 (E.D.N.Y. Oct. 27, 2015).

We have considered Defendants-Appellants' remaining arguments and determine them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8